## J. S. BRASWELL v. RICHMOND COUNTY.

(Filed 28 February, 1934.)

**Sheriffs B c—Sheriff holding sales held entitled to commissions on cash received by county on tax certificates purchased by it.**

Construing chapter 107, Public-Local Laws of 1924, relating to the compensation of the sheriff of Richmond County for the collection of taxes, *in pari materia* with N. C., Code of 1931, secs. 7992, 8010, 8014, 8024, 8026, 8037, 8038, relating to tax sale certificates, *it is held*, the sheriff selling lands for delinquent taxes is entitled to his commissions on money thereafter actually paid the county on tax sale certificates purchased by the county although such cash was not paid to the sheriff, and the county's demurrer to an action by the sheriff to recover such commissions was properly overruled although the complaint also demanded commissions on tax certificates on which the county had received no actual cash, to which commissions the sheriff is not entitled.

APPEAL by defendant from *Stack, J.,* at September Civil Term, 1933, of RICHMOND. Affirmed.

The plaintiff, J. S. Braswell, was sheriff of Richmond County for four years beginning December, 1926. By virtue of his office the tax books were delivered to him as tax collector for the tax years 1927, 1928, 1929, and 1930. He made due accounting with the commissioners each and every year, and in all respects complied with the law as to his settlements.

After the annual sale of the land for taxes and the yearly settlement the county commissioners refused to pay the commissions to the plaintiff on taxes thereafterwards collected from taxpayers on the tax sale certificates.

The *first cause* of action was for the commission of 2 per cent on $8,124.90 tax sale certificates for real estate which had been sold by the plaintiff as sheriff for nonpayment of taxes as provided by law for 1927 and which had been purchased by defendant county. *Second cause* of action was 2 per cent on $49,082.15, the sale for 1928. *Third cause* of action was 2 per cent on $62,604.30 the sale for 1929. *Fourth cause* of action was 2 per cent on $73,612.79 the sale for 1930. The plaintiff further alleges that the county could realize the full amount of taxes, penalty, etc., as such sales certificates were secured by sufficient real estate for that purpose. The plaintiff also demanded an accounting on all his causes of action "as to the amount actually paid to the defendant county by the taxpayers, etc."

The prayer of plaintiff is as follows:

"Wherefore, plaintiff prays the court that he recover of the defendant on the first cause of action the sum of $162.50 with interest thereon at

the rate of 6 per cent per annum from 15 March, 1930; that he recover of the defendant on the second cause of action the sum of $981.64, with interest thereon at the rate of 6 per cent per annum from 15 May, 1930; that he recover of the defendant on the third cause of action the sum of $1,252, with interest thereon at the rate of 6 per cent per annum from 15 November, 1930, and that he recover of the defendant upon the fourth cause of action the sum of $1,452.25, with interest thereon at the rate of 6 per cent per annum from 15 January, 1932; that he recover his costs expended herein, and be granted such further or different relief as he may be entitled to upon his stated causes of action."

The defendant demurred to the complaint on the ground that it did not contain facts sufficient to constitute a cause of action against defendant in that *succinctly* the statute did not allow him commission on land sold by him for taxes and not actually collected by him when sheriff.

The judgment of the court below is as follows:

"This cause having been placed upon the calendar for hearing at this the September Term, 1933, of the Superior Court of Richmond County, and being heard upon the demurrer filed to the complaint of the plaintiff by the defendant, and after hearing the contentions of the parties thereon the court hereby overrules the demurrer and the defendant is allowed until 10 October, 1933, in which to file answer.

　　　　　　　　　　　A. M. STACK, *Judge Presiding.*"

The defendant excepted and assigned error to the judgment overruling the demurrer in the court below and appealed to the Supreme Court.

*W. R. Jones for plaintiff.*
*Fred W. Bynum for defendant.*

CLARKSON, J. The question involved: Is the plaintiff when sheriff of Richmond County, under the local statute applicable and other general statutes, entitled to commissions on land sold by him as sheriff for taxes, and the land purchased by the county, but the purchase price not actually paid to him? We think he is entitled to the money, actually paid the county thereafter on the tax sale certificates.

The statutes the Court is called upon to construe are as follows:

"An act providing for the compensation of the sheriff of Richmond County for collecting taxes: (Public-Local Laws, chap. 107, Extra Session, 1924).

*The General Assembly of North Carolina do enact:*

Section 1. That the sheriff of Richmond County shall receive as full compensation for collecting the taxes of said county four-fifths of one

per cent of the first hundred thousand dollars ($100,000) collected; one per cent of the second hundred thousand dollars ($100,000) collected and one and one-fifth per cent of the third one hundred thousand dollars ($100,000) collected; and two per cent of the fourth one hundred thousand dollars ($100,000) collected and two per cent of the excess over four hundred thousand dollars ($400,000) collected.

Section 2. That this act shall apply to Richmond County only.

Section 3. That all laws and clauses of laws in conflict with the provisions of this act are hereby repealed.

Section 4. That this act shall be in force from and after the beginning, of the next term of office of the sheriff of Richmond County.

Ratified 21 August, A.D. 1924."

Section 7992 (N. C. Code, 1931, Michie), in part is as follows: "Whenever any taxes shall be due and unpaid, the sheriff, who by law is required to collect the same, shall, immediately proceed to collect them as prescribed by this chapter."

Section 8010, in part is as follows: "If personal property of any taxpayer, sufficient for the satisfaction of his taxes and subject to levy, is not to be found in the county of the sheriff having the tax list in hand for collection, it shall be the duty of such sheriff to sell the real estate of such taxpayer, if delinquent in the payment of his taxes, under the directions set forth in this chapter."

Section 8014, in part is as follows: "Before any real estate shall be sold for taxes the sheriff shall give public notice of the time, place, and cause of such sale by advertisement at the courthouse door and in some newspaper published in the county."

Section 8024, in part is as follows: "The sheriff shall give to the purchaser of real estate sold for taxes a written certificate, under his official signature, to the effect and in the form following," etc.

Section 8026, in part is as follows: "When the county or other municipal corporation becomes the purchaser, under the provisions of this chapter, of any real estate sold for taxes, the sheriff shall issue a certificate of purchase in the name of such corporation substantially in the form provided by the two preceding sections. Such certificates shall remain in the custody of the sheriff, and at any time the county commissioners may assign such certificates to any person wishing to buy, for the amount expressed in the face of the certificate and interest thereon at the rate per centum which the taxes were drawing at the time of the purchase, or for the total amount of all tax on such real estate."

Section 8037, in part is as follows: "All certificates of sale evidencing purchases by counties shall immediately, upon being allowed as a credit in the settlement with the sheriff of the county, be delivered to the county accountant, county auditor, or other officer, specifically desig-

nated by the board of county commissioners, or other governing board of the county, except sheriff or tax collecting officer, and it shall be the duty of the officer, or such officer designated, to collect the same."

Section 8038, in part is as follows: "The owner or occupant of any land sold for taxes, or any person having a lien thereon or any interest or estate therein, may redeem the same, at any time within one year after the day of such sale, by paying the sheriff for the use of such purchaser, his heirs or assigns, the sum mentioned in his certificate."

We must construe the local act and other acts *supra in pari materia* and in so doing, we think that the plaintiff would be entitled to the 2 per cent on all the taxes paid on the tax certificates when they are actually paid. We do not think the plaintiff would be entitled to the per cent on the tax sale certificates until paid. The complaint of the plaintiff is not sufficient to allow the full amount claimed, yet it is sufficient to allow the 2 per cent on so much of the tax sales actually paid, therefore, the court below was correct in overruling the demurrer.

The plaintiff also demanded an accounting on all his causes of action "as to the amount actually paid to the defendant county by the tax-payers" etc. The plaintiff also prayed "and be granted such further or different relief as he may be entitled to upon his stated causes of action." The statutes are not entirely clear in their meaning, but we think the just intent is borne out by the position here taken and no time limit is fixed in the local statute before or after sale as to the "full compensation for collecting the taxes." There are no officials in the State that have more responsibility for the peace and good order of a county than the sheriffs and "the labourer is worthy of his hire." For the reasons given, the judgment of the court below is

Affirmed.