## J. S. BRASWELL v. RICHMOND COUNTY.

(Filed 1 November, 1935.)

**Sheriffs B c—Sheriff held not entitled to commissions on amounts collected by auditor on tax sale certificates purchased by county.**

> Defendant county paid plaintiff sheriff all commissions allowed by statute for collection of taxes made by plaintiff sheriff in money, and allowed him credit in his settlement for tax sale certificates purchased by the county upon sale of the land for taxes by the sheriff as provided by law. After the tax sale certificates were turned over to the auditor, certain sums were collected thereon by the auditor from the taxpayers whose lands had been sold. *Held:* Plaintiff sheriff is not entitled to commissions on the cash collected by the auditor on the tax sale certificates. C. S., 8037, 8049; ch. 107, Public-Local Laws of 1924. Defendant's petition for a rehearing of this case reported in 206 N. C., 74, is allowed.

CLARKSON, J., dissenting.

APPEAL by defendant from *Stack, J.,* at September Term, 1933, of RICHMOND. Petition for rehearing allowed, and judgment reversed.

This action was heard at September Term, 1933, of the Superior Court of Richmond County, on defendant's demurrer to the complaint on the ground that the facts stated therein as constituting each of the four causes of action on which the plaintiff demands judgment are not sufficient to constitute such cause of action. The demurrer was overruled and defendant excepted and appealed to the Supreme Court.

The defendant's appeal was heard at the Spring Term, 1934, of the Supreme Court. The judgment of the Superior Court overruling the demurrer and allowing defendant time to file its answer to the complaint was affirmed. See *Braswell v. Richmond County,* 206 N. C., 74, 173 S. E., 41.

A petition for a rehearing of the appeal was filed by the defendant in the Supreme Court on 7 April, 1934, in accordance with Rule 44, Rules

of Practice in the Supreme Court, 200 N. C., 811. The petition was duly considered and allowed on 11 July, 1934.

The appeal has been reheard on briefs filed by both the plaintiff and the defendant, and on oral arguments ordered by the Supreme Court.

*W. R. Jones for plaintiff.*
*Fred W. Bynum for defendant.*

CONNOR, J. The facts alleged in the complaint and admitted by the demurrer in this action are substantially as follows:

The tax books of Richmond County for the years 1927, 1928, 1929, and 1930, showing the total amount of the taxes levied upon the taxpayers of said county for each of said years, were duly delivered to the plaintiff, as sheriff of said county. It was the duty of the plaintiff to collect all the taxes due the defendant for each of said years, and to account for the same, as required by statute.

The plaintiff, as sheriff of Richmond County, made the settlement for said taxes, during each of said years, as required by statute. In each settlement, plaintiff was charged with the total amount of the taxes due for said year. He was credited with the amount collected by him, in money, and duly paid to the treasurer of Richmond County; he was also credited with the amount allowed by the board of commissioners of Richmond County as due by insolvent taxpayers, and with the aggregate amount of the certificates issued by the plaintiff to the defendant as the purchaser at tax sales made by the plaintiff as required by statute. At the date of each annual settlement, the plaintiff turned over and delivered to the auditor of Richmond County the certificates which had been credited to him in said settlement. The said auditor, since the dates of the said annual settlements, has collected from the taxpayers whose lands had been sold by the plaintiff the amounts shown by the said certificates as due for taxes, interest, penalties, and costs.

The defendant has paid to the plaintiff all the commissions allowed by statute for collection of taxes made by the plaintiff in money for the years 1927, 1928, 1929, and 1930, and has declined to pay to the plaintiff any commissions on the amounts collected by the auditor of Richmond County on the certificates which had been duly credited to plaintiff in his settlements for said years.

In this action the plaintiff demands judgment that he recover of the defendant commissions on the amounts which the auditor of Richmond County has collected on the tax-sale certificates delivered to said auditor by the plaintiff.

After further consideration of the statutes pertinent to a decision of the question presented by this appeal, we are of the opinion that the

plaintiff is not entitled to recover of the defendant on the facts alleged in his complaint, and that there is error in the judgment overruling the defendant's demurrer to the complaint. For that reason, the judgment is reversed.

Under the provisions of chapter 107, Public-Local Laws of North Carolina, Extra Session 1924, the sheriff of Richmond County is entitled to the commissions allowed by said statute only on the amounts collected by him, as taxes, in money. In his settlement with the treasurer of Richmond County, the said sheriff is entitled to credit for the aggregate amount of the tax sale certificates which he has issued to Richmond County, as the purchaser at tax sales made by him as required by statute. C. S., 8049. After the certificates issued by the said sheriff to said county have been duly allowed to him as credits in his settlement, and have been delivered by him to the auditor of said county, C. S., 8037, the said sheriff has no further liability on account of said certificates, nor has he any right to commissions on amounts thereafter collected by the county auditor, or by any other county official duly authorized to collect or receive money for the county on account of said certificates.

The judgment of this Court on the former appeal in this action is overruled.

Petition allowed.

CLARKSON, J., dissenting: It may be conceded, as was said in the former opinion of this Court, *Braswell v. Richmond County,* 206 N. C., 74, that the statutes in regard to the collection of back taxes are not entirely clear in their meaning, but as to Richmond County there can be no doubt that the sheriff was placed on a commission basis of compensation for the collection of all taxes. Public-Local Laws, Extra Session 1924, chapter 107. No exception was made as to the collection of back taxes. It was specified that this was to be full compensation. While a general statute, N. C. Code, 1935 (Michie), 8009, does provide for payment of certain fees, amounting to 95 cents for each sale of land, this is for necessary expenses, and is not compensation to the sheriff, and has no reference whatever to the question involved in this case.

The sole basis for granting a rehearing and for reversing the former opinion of this Court, *Braswell v. Richmond County, supra,* is the following extract from section 8037 of N. C. Code, 1935 (Michie), which was quoted in the former opinion: "All certificates of sales evidencing purchases by counties shall immediately, upon being allowed as a credit in the settlement with the sheriff of the county, be delivered to the county accountant, county auditor, or other officer, specifically designated by the board of county commissioners, or other governing board of the county, except sheriff or tax collecting officer, and it shall be the duty of the officer, or such officer designated, to collect the same."

This statute was enacted in 1927, ch. 221, sec. 4, three years after the passage of the statute fixing the compensation of the sheriff of Richmond County, and if there were conflict between them, the later statute would control, but there is no conflict with the statute fixing the compensation of the sheriff. The later statute provides for a check on the office of the sheriff, and requires him to make delivery of certificates of sales evidencing purchases by counties to some properly designated officer. While it is clearly pointed out that it is the duty of such officer to collect the taxes due on these certificates of sales evidencing purchases by the counties, it is nowhere said that the actual collection shall not be made by the sheriff or the tax collector.

It would be the natural and logical thing to have the sheriff collect these back taxes, for he already has a force of men equipped to do the job. The county accountant, county auditor, or other officer, specifically designated by the board of county commissioners, must set up a force to do the collecting. Now that can be done, but in Richmond County it would mean that while the sheriff is excused from collecting the back taxes, the county commissioners are not relieved of the legal obligation to compensate him for the collection of these taxes. The statute makes no distinction as to the different kinds of taxes. Of course, the statute has reference to the collection of taxes in Richmond County for Richmond County, and not to the collection of license or other taxes for the State Department of Revenue. It is taxes due Richmond County with which we are concerned here.

That it was the plain intention of the Legislature of 1924 to provide that the sheriff should collect a commission on all taxes collected is borne out by other statutes that were then in force. C. S., 8026, provides: "When the county or other municipal corporation becomes the purchaser, under the provisions of this chapter, of any real estate sold for taxes, the sheriff shall issue a certificate of purchase in the name of such corporation substantially in the form provided by the two preceding sections. Such certificates shall remain in the custody of the sheriff, and at any time the county commissioners may assign such certificates to any person wishing to buy, for the amount expressed on the face of the certificate and interest thereon at the rate per centum which the taxes were drawing at the time of the purchase, or for the total amount of all tax on such real estate. Such assignment may be made by the endorsement of the name of the county by the chairman of the board of county commissioners, and such endorsement shall be made when ordered by the county commissioners."

C. S., 8038, which was also in force at that time, provides in part as follows: "The owner or occupant of any land sold for taxes, or any person having a lien thereon or any interest or estate therein, may re-

deem the same, at any time within one year after the date of such sale, by paying the sheriff, for the use of such purchaser, his heirs or assigns, the sum mentioned in his certificate, with interest thereon," etc.

The general statutes in force at the time of the passage of the compensation commission act for the sheriff of Richmond County, make it abundantly clear that it was the clear intention of the Legislature to provide compensation to him also for the collection of back taxes, on a commission basis, and it is a well established principle of statutory construction that a special act is never abrogated by general law, unless intention to abrogate is very clear. *Hammond v. City of Charlotte,* 205 N. C., 469; *Monteith v. Board of Commissioners,* 195 N. C., 71; *State v. Johnson,* 170 N. C., 685.

This action was carefully considered when the opinion was written before. I think it was right then, when rendered by a unanimous opinion of this Court, and I think it is right now. The general act quoted in the main opinion is not applicable to Richmond County, as the Richmond County Act is a special one. In the former opinion it was said, and I repeat (206 N. C., at p. 77): "We do not think the plaintiff would be entitled to the per cent on the tax sale certificates until paid. . . . The statutes are not entirely clear in their meaning, but we think the just intent is borne out by the position here taken, and no time limit is fixed in the local statute before or after sale as to the 'full compensation for collecting the taxes.' There are no officials in the State that have more responsibility for the peace and good order of a county than the sheriffs and 'the labourer is worthy of his hire.'" It is difficult to get good men to serve the public if you pauperize them.