## W. A. BUNCH v. COMMISSIONERS OF RANDOLPH COUNTY.

(Filed 28 May, 1912.)

1. **County Commissioners — Control of County Affairs — Constitutional Law—Interpretation of Statutes.**

    Under the Constitution and Public Laws of North Carolina the board of county commissioners are generally given supervision and control of governmental matters in the several counties. Constitution, Art. VII, sec. 2; Revisal, sec. 1318 *et seq.*

2. **Same—Roads and Highways—"Necessary Expenses."**

    The well ordering and maintenance of the public roads of a county are "necessary expenses" within the meaning of our Constitution and statutes, and for this purpose the county commissioners are invested with full power to direct the application of all moneys arising by virtue of chapter 23 of the Revisal, in the absence of some public-local law enacted under Art. VII, sec. 14, of the Constitution, making contrary provision.

3. **Interpretation of Statutes—Repeal—Implication.**

    As a general rule, the law does not favor that construction of a statute which repeals a former statute by implication.

4. **Same—Roads and Highways—Road Districts—Taxation—Direct Appropriation—County Funds—Constitutional Law.**

    Chapter 567, Laws 1909, purporting to provide for the "constructing and keeping in repair the public roads of Randolph County," was adopted by the county, as the act requires, and was designed to establish a system for working the public roads of the county, to a large extent by the township system, primarily giving the trustees of each township the right to maintain and repair the roads therein, subject to appeal to the county commissioners in proper cases. Where the road extends through two or more townships the power to lay out, alter, or discontinue it remains with the county commissioners, but after action taken, the road is considered as divided in sections, and its control is left with the local boards. The county commissioners are authorized and directed to levy a tax of not less than 8⅓ cents on the $100 worth of property nor more than 15 cents thereon, the funds to be kept separate and apportioned to the various townships. It is admitted in this case that the amount thus derived was insufficient and that the roads are in a poor condition: *Held*, the Laws of 1909 relating to Randolph County did not have the effect of repealing the provisions of section 1379, etc., of the Revisal so as to prevent the county commissioners from expending the general county funds for the maintenance, etc., of the roads of the county.

APPEAL from *Allen, J.,* at Spring Term, 1912, of RANDOLPH.

Civil action heard on case agreed. The action was instituted by W. A. Bunch, Esq., a citizen and taxpayer of Randolph County, to restrain the board of commissioners of said county from making a proposed appropriation of $3,500 out of the general county funds, in aid of the construction of a public road through two or more townships of said county and extending from Ashboro, the county-seat, to the Montgomery line. There was judgment restraining the appropriation, and defendants, the county commissioners, excepted and appealed.

*J. A. Spence for the plaintiff.*
*H. M. Robbins for the defendant.*

HOKE, J., after stating the case: Under the Constitution and Public Laws of the State, except where changed by special enactments, the boards of county commissioners are given supervision and control of governmental matters in the several counties. Constitution, Art. VII, sec. 2; Revisal, sec. 1318 *et seq.,* and, in addition to powers conferred generally throughout the Revisal and, in more especial reference to the fiscal affairs of the county, section 1379 enacts: "The board of commissioners is invested with full power to direct the application of all moneys arising by virtue of this chapter for the purposes herein mentioned and to *any other good* and necessary purpose for the use of the county."

There are numerous decisions of this Court to the effect that the well ordering and maintenance of the public roads of the county is to be properly considered and dealt with as a "necessary expense" within the meaning of our Constitution and statutes (*Board of Trustees v. Webb,* 155 N. C., 383; *Crocker v. Moore,* 140 N. C., 429; *Tate v. Commissioners,* 122 N. C., 812); and the appropriation in question here comes well within the powers generally conferred on defendant board, and the same must be upheld unless there is some public-local law enacted under Article VII, sec. 14, of the Constitution making contrary provision.

It is earnestly contended for plaintiff that this very condition exists here by reason of chapter 567, Laws 1909, purport-

ing to provide for the "constructing and keeping in repair the public roads of Randolph" County, and adopted by the board of commissioners at a regular meeting, as the act itself requires.

The statute is designed to establish a system of working the public roads of the county, to a large extent by the township system, and, when the roads lie wholly within a given township, the power to lay out, order, or discontinue such road, and to maintain or repair the same, is vested primarily in a board of township trustees appointed by the board of commissioners, subject to an appeal to said last-mentioned board, in proper cases. Where a road extends through two or more townships, the power to lay out, alter, or discontinue the same remains in the county commissioners as heretofore, but where this action has been had, the road is considered as divided into sections, and the control thereof as to its repair, etc., is referred by the act to the local boards as in other cases. Section 5. By section 15, the commissioners of the county are authorized and directed to lay a tax of "not less than $8\frac{1}{3}$ cents nor more than 15 cents on the hundred dollars worth of property, to be collected as other taxes, the amount to be kept separate and apportioned to the several townships, to be paid out in maintenance and repair of the roads in that township, on the written order of the chairman and secretary of the board of trustees."

On the hearing it was made to appear, by the admission of the parties, as follows:

"That the public roads of Randolph County are in very poor condition and badly in need of improvement; that there are no roads in the county permanently improved by macadam, gravel, top-soil, or sand-clay, according to modern methods; and the road which is to be improved under order of the commissioners in question is a rough road and is in very bad condition. And the defendants propose, as far as they can, to assist in the improvement of other roads in the different parts of the county in the same manner; and the boards of road trustees of the different townships through which the road runs that is to be built or improved under said order have consented and do consent that the improvements be made in accordance with the terms of said order.

159—22

"It is further agreed that the funds derived from the 8⅓ cents tax levied under and in accordance with chapter 567 of the Public Laws of North Carolina, Session 1909, are insufficient and will in the future be insufficient to do all the work needful and proper to be done upon the public roads of said county; nor would sufficient funds for that purpose be secured by raising the tax to the 15 cents on the $100 valuation, as authorized by the provisions of said act."

Upon these, the facts chiefly relevant to the controversy, the Court is of opinion that there is nothing unlawful in the proposed appropriation, the same to be made out of the general county funds available for the purpose and raised by taxation within the constitutional and general statutory limitations bearing on the subject. On perusal of this local statute, there is doubt if it permits the construction that the officers and agents of the county, in carrying out its provisions, are confined to the means afforded under the terms of the law. In various sections of the act it is clearly contemplated that these general county funds may be used when required, and, more especially where, as in this case, the road is to extend through two or more townships. In such case, the power to lay out, alter, or discontinue a highway, as heretofore stated, remains with the board of commissioners. Section 25 requires board of commissioners to "purchase the road machinery, tools, and implements, which are to remain the property of the county." In section 33, the commissioners are given supervision and control of all bridges, their location, construction, and maintenance, etc., and the general county funds are made available for the purpose. Section 34. When the road extends into two or more townships, the county commissioners are to employ the engineer or surveyor to "be paid out of general county funds," etc. And even if a contrary view should ordinarily prevail, there is no recognized rule that would sanction or uphold the interpretation that the statute was intended to withdraw from the county commissioners the right to expend the general county funds to the best interests of the county and repeal the powers expressly conferred by section 1379 and other cognate provisions of the Revisal.

There is no express repealing clause contained in the law, and it is well understood that implied repeals are not favored as a general rule.· *S. v. R. R.,* 141 N. C., 846; *Winslow v. Morton,* 118 N. C., 486; Black on Interpretation of Laws, p. 112; Sedgwick on Statutory and Constitutional Law, p. 126. In this last citation, the author says:

"But, though it is thus clearly settled that a statute may be repealed by implication, and without any express words, still the leaning of the courts is against the doctrine, if it be possible to reconcile the two acts of the Legislature together.  'It must be known,' says Lord Coke, 'that forasmuch as acts of Parliament are established with such gravity, wisdom, and universal consent of the whole realm, for the advancement of the commonwealth, they ought not, by any constrained construction out of the general and ambiguous words of a subsequent act, to be abrogated; *sed hujusmodi statuta tanta solemnitate et prudentia edita* (as Fortesque speaks, cap. 18, fol. 21) ought to be maintained and supported with a benign and favorable construction.'

"So in this country, on the same principle, it has been said that laws are presumed to be passed with deliberation, and with full knowledge of all existing ones on the same subject; and it is, therefore, but reasonable to conclude that the Legislature, in passing a statute, did not intend to interfere with or abrogate any prior law relating to the same matter, unless the repugnancy between the two is irreconcilable; and, hence, a repeal by implication is not favored; on the contrary, courts are bound to uphold the prior law, if the two acts may well subsist together."

We do not consider that the case of *Hornthall v. Commissioners,* 126 N. C., 26, to which we were referred by counsel, is in necessary antagonism to our present ruling.  In that case a system had been provided for working the public roads by contract and a fund was created by the law especially designated as applicable to the purpose.  A contractor, having an amount due him for work done, under the law, sued on his demand, and the commissioners resisting payment, recovery was denied.  The decision seems to have been made to rest on the ground·that the fund applicable to the claim having been exhausted, and the

statute having been repealed by which any further sum could be raised, collection of the claim, as a matter of right, could not be enforced. There was a strong and earnest dissent by *Judge Furches,* concurred in by *Chief Justice Faircloth,* and the position of the Court, in denying all relief, may be open to some question; but the power of the county commissioners to dispose of general county funds, in their discretion, for the county's best interests, was in no way presented and the authority is not in contravention of our present decision.

There is error, and this will be certified, that the restraining order be dissolved and the appropriation by the commissioners be upheld.

Reversed.