DEAN HAMMOND ET AL. v. THE CITY OF CHARLOTTE ET AL.

(Filed 22 November, 1933.)

1. **Statutes C b—Repeal by implication is not favored, and special statute will be upheld as exception to general statute.**

   The repeal of statutes by implication is not favored, and several statutes dealing with the same subject-matter will be reconciled if possible by any reasonable construction, and a special statute in conflict with a later general statute will be considered an exception to the general statute and upheld on this theory unless the legislative intent to repeal the special statute is apparent.

2. **Schools and School Districts D a—Private law authorizing school commissioners to fix budget not repealed by ch. 430, Public Laws, 1931.**

   The provisions of chapter 342, Private Laws of 1907, authorizing the school commissioners of the city of Charlotte to employ and fix the salaries of teachers in its public schools and to adopt a school budget for the city, is not repealed by chapter 430, Public Laws of 1931, the

general statute dealing primarily with the six-months term of school, and its provisions requiring the school budget of a county or city to be approved by the State Board of Equalization, and establishing a method of making a school budget, etc., applying only to counties and cities receiving aid from the State for an extended term of school, and the city of Charlotte not receiving such aid for an extended term during a school year, the budget of its school committee for such year is not affected by a reduction in the schedule of salaries for its teachers ordered by the State Board of Equalization, where the city authorities refused to accept such reduction. The difference in the repealing clause of chapter 562, Public Laws of 1933, is pointed out.

APPEAL by defendants from *Hill, Special Judge,* at October Term, 1933, of MECKLENBURG.

This is an action to enforce the collection of a tax levied for the payment of a part of the salaries of the teachers and principals in the city schools of the city of Charlotte for 1932-1933, and for the full payment of the salaries withheld until it should be determined whether the amount represented by the reduction made by the State Board of Equalization could be legally expended. Trial by jury was waived and the court found the facts.

The school commissioners of the city of Charlotte is a corporation. By the charter of the city it is empowered to establish and maintain one or more high schools, to purchase sites, provide buildings, and to employ principals and teachers and to fix their salaries, subject to the limitation that the compensation of teachers should not make necessary the levy of an annual tax in excess of thirty cents on the hundred-dollar valuation of property and ninety cents on the poll. It is made the duty of the governing body of the city to levy a tax, subject to this limitation, for the support and maintenance of the system of public schools in the city.

The school commissioners duly adopted a salary schedule for the teachers to be employed in the public schools of the city for 1932-1933 and employed the principals and teachers for the year, fixing their salaries in accordance with the schedule; and after ascertaining the amount available from the State for the payment of salaries for the six-month term the school commissioners adopted a budget of amounts to be expended from funds to be raised by taxation pursuant to the charter of the city for the purpose of paying the salaries, fixing the sum to be raised at an amount which, added to the State fund for the six-month term, would be sufficient to pay the salaries in accordance with the schedule. This budget was approved by the governing body of the city.

The budget was sent to the State Board of Equalization, and this board reduced the amount proposed for instructional services to the

extent of $35,032.25; whereupon the school commissioners adopted a resolution refusing to reduce its budget and requested the governing body of the city to levy a school tax sufficient to provide for the budget as originally adopted. To provide for said budget as originally adopted a tax of 25.75 cents on the one hundred dollars of property was needed for the purpose of current expenses and capital outlay, and included in current expenses was the item allotted for instructional services, which would be used in payment of the salaries of the plaintiffs as principals and teachers. The governing body of the city duly complied with the resolution of the school commissioners and levied a tax for school purposes in the amount requested by said school commissioners, said tax being sufficient in amount to provide for the payment of the salaries of the plaintiffs as teachers and principals in accordance with the schedule adopted by the school commissioners and in accordance with the salary schedule upon which the plaintiffs were employed. The governing body of the city thereby approved the action of the board of school commissioners in refusing to reduce its budget in the manner attempted by the State Board of Equalization.

The plaintiffs duly complied with the terms of their employment, and in reliance thereon, worked the entire school year 1932-1933, and fully and completely discharged all the conditions and obligations resting upon them by reason of said employment.

Notwithstanding these facts the school commissioners of the city have refused to pay to the plaintiffs seven and one-half per cent of the salaries for the year 1932-1933, amounting in the aggregate to $35,032.25, being the amount by which the State Board of Equalization attempted to reduce the part of the budget adopted by the school commissioners of the city allocated to instructional services.

The defendants base their refusal to pay the seven and a half per cent of the salaries of the plaintiff retained on the uncertainty as to their legal rights to pay the same, and have expressed their intention in their answer to refuse to pay the same even after all the taxes are collected.

The court adjudged that the plaintiffs are entitled to the relief prayed. The defendants excepted and appealed.

*Bridges & Orr for appellants.*
*John M. Robinson and Hunter M. Jones for appellees.*

ADAMS, J. The power of the board of aldermen of the city of Charlotte to levy an annual tax for the maintenance of public schools in the city as well as that of the board of school commissioners to employ teachers and fix their salaries is derived from a private act of the Gen-

eral Assembly. Private Laws, 1907, chap. 342, secs. 197, 199, and 206 as amended. The appellants seem to concede that the judgment must be affirmed unless the act conferring this power is repealed by chapter 430 of the Public Laws of 1931. The latter act provides (sec. 31) that all laws and clauses of laws in conflict with it, to the extent of such conflict only, are repealed and that if any section, part, paragraph, sentence, or clause be declared unconstitutional or invalid the validity of any remaining part of the act shall not be affected. The public act contains no express repeal of the private act under which the defendants have proceeded and differs in this respect from the repealing clause in chapter 562 of the Public Laws of 1933, which includes all Public, Public-Local, and Private Laws.

It is a settled principle, subject to exceptions, that where a public or general and a private or special statute relate to the same subject and the two are essentially inconsistent the special statute shall prevail on the theory that it is an exception to the former. *Bramham v. Durham,* 171 N. C., 196; *Rankin v. Gaston Co.,* 173 N. C., 683; *Wilson v. Comrs.,* 183 N. C., 638; *Monteith v. Comrs.,* 195 N. C., 71. A local statute enacted for a particular municipality is usually treated as an exception intended for the benefit of the municipality. *Felmet v. Comrs.,* 186 N. C., 251; Black on Interpretation of Laws, 117. It is true that the legislative intent must prevail; but as was said in *S. v. Johnson,* 170 N. C., 685, "A general law will not be so construed as to repeal an existing particular or special law unless it is plainly manifest from the terms of the general law that such was the intention of the law-making body." The question is whether by the act of 1931 the Legislature intended to repeal those sections in the charter of the city of Charlotte under which the defendants acted in fixing the salaries of the teachers and in levying the tax for schools.

The trend of judicial thought is not favorable to repeal by implication. A statute should not be abrogated "by any constrained construction out of the general and ambiguous words of a subsequent act." *Bunch v. Comrs.,* 159 N. C., 335. As a rule apparent inconsistencies in the phraseology of statutes should be reconciled so as to make all effective, if possible. *Bramham v. Durham, supra.* Of course if a later is so repugnant to a prior act that the two cannot be reconciled the later act prevails; but in the statutes now under consideration we find no irreconcilable inconsistency.

The appellants insist that the act of 1931 applies to all public schools in the State, including those in the city of Charlotte. This position is based in part upon sections requiring the State Board of Equalization to approve each county and city budget (sec. 3); demanding the enforcement of formulated rules (sec. 4); prescribing the method of making

up the budget (sec. 6); establishing a salary schedule for teachers (sec. 12); and making various other provisions for the support of the public schools.

This act was intended primarily to give greater effect to the constitutional provision for the maintenance of the schools for a term of six months. The purpose is designated in the caption, and throughout the act the limitation is prominent. Section 5 makes it the duty of the county board of education in each county to originate the six-month budget, but subsection c providing that the extended term budget shall not be effective until approved by the county commissioners and the State Board of Equalization applies to "districts receiving State aid for the extended term"—obviously not to the budget of a county not receiving for the extended term any aid from the State. We find no evidence that the State has given the city any financial assistance for extending the term of its school. The requirement in section 3 that the county and city budget must be approved by the State Board has reference to funds "received from the State" and not to a fund to be raised, as in this case, by local taxation; and in section 12 the proviso referred to by the appellants is expressly restricted to the "operation of the six months school term."

So, likewise, as to the proviso in section 15. It must be considered, according to the general rule of construction, as explaining, qualifying, or restraining preceding matter, and not as an independent substantive enactment operating as a repeal of local statutes to which it bears no relation and to which it makes no reference. *Propst v. R. R.,* 139 N. C., 397.

A minute discussion of the statutes is not necessary. We have considered them from the several points of view suggested in the brief of the appellants and find no satisfactory cause for reversing the judgment.

Affirmed.