GUILFORD COUNTY v. ESTATES ADMINISTRATION, INC., ADMINISTRATOR OF G. A. GRIMSLEY, AND THE HEIRS AT LAW OF G. A. GRIMSLEY.

(Filed 15 December, 1937.)

1. **Taxation § 40b: Venue § 3—**

   The foreclosure of a tax sale certificate is a remedy in the nature of an action to foreclose a mortgage, C. S., 8037, and must be instituted in the county where the land, or some part thereof, is situated, C. S., 463.

2. **Same: Venue § 1—Action against administrator to foreclose tax sale certificate must be instituted in county where land is situated.**

   An action against an administrator to foreclose a tax sale certificate on lands of the estate must be instituted in the county in which the land, or some part thereof, is situated, C. S., 8037, 463, and the provisions of C. S., 465, that an action against an administrator must be instituted in

the county in which the bond was given, being in irreconcilable conflict in such instance, must give way to the latter enacted provisions of C. S., 8037.

**3. Statutes § 10—**

Where two statutes are in irreconcilable conflict, the statute which was first enacted must give way to the latter enacted statute to the extent of the conflict, the last expression of the legislative will in the matter being the law.

APPEAL by defendant Estates Administration, Inc., administrator of G. A. Grimsley, from *Harding, J.,* at August Term, 1937, of GUILFORD. Affirmed.

*B. L. Fentress and D. Newton Farnell, Jr., for plaintiff, appellee.*
*Vaughn & Graham and Winfield Blackwell for defendant, appellant.*

SCHENCK, J. This is an action instituted by Guilford County, as purchaser of two certain sheriff's certificates of sale for taxes of real estate in Guilford County in the name of G. A. Grimsley, to have such real estate sold for the satisfaction of the sums due it upon such certificates, under the provisions of C. S., 8036 and 8037.

The appellant, Estates Administration, Inc., administrator of G. A. Grimsley, under C. S., 470, in apt time, before answering, made a special appearance in writing and demanded the removal of the case for trial from Guilford County to Forsyth County, alleging that it was entitled to such removal under the provisions of C. S., 465, since the action was against it as an administrator in its official capacity, and that it and the surety on its bond are residents of Forsyth County, and that it qualified as such administrator in Forsyth County. The appellant's motion for removal was denied by the clerk of the Superior Court, and upon appeal to the judge at term the judgment of denial was affirmed, and appeal was taken to the Supreme Court, wherein the denial of the motion for removal was assigned as error.

C. S., 8037, provides that "Such relief (judgment for holders of tax sale certificates for the sale of real estate) shall be afforded only in an action in the nature of an action to foreclose a mortgage, which action shall be commenced as herein provided. Such action shall be governed in all respects as near as may be by the rules governing actions to foreclose a mortgage."

C. S., 463, provides that actions for the "foreclosure of a mortgage of real property" . . . "must be tried in the county in which the subject of the action, or some part thereof, is situated."

Construing C. S., 8037, and C. S., 463, together it is clear that an action to enforce the lien given to the purchaser of the tax certificates

GUILFORD COUNTY *v.* ESTATES ADMINISTRATION, INC.

must be tried in the county where the land, or some part thereof, is situated. It is likewise clear that this construction brings about in this case an irreconcilable conflict with C. S., 465, which provides that "all actions . . . against administrators in their official capacity must be instituted in the county where the bonds were given if the principal or any surety on the bond is in the county." Under the provisions of the two former statutes, when read together, this action "must be tried" in Guilford County where the land is situated, and under the provisions of the latter statute it "must be instituted" in Forsyth County where the administrator qualified and resides.

C. S., 8037, was enacted in 1927, and C. S., 465, was enacted in 1868. The former enactment, being subsequent to and in irreconcilable conflict with the latter enactment, the former must prevail.

"Every affirmative statute is a repeal by implication of a prior affirmative statute, so far as it is contrary to it, for the maxim is *Leges posteriores priores contrarias abrogant* (later laws abrogate prior laws that are contrary to them). *S. v. Woodside,* 31 N. C., 500; Black's Law Dictionary." *S. v. Kelly,* 186 N. C., 365.

"The two statutes, being utterly inconsistent, cannot stand together. That being so, the last enactment must prevail to the extent that they are repugnant." *Swindell v. Belhaven,* 173 N. C., 1.

"It is a well recognized principle of statutory construction that when there are two acts of the Legislature applicable to the same subject, their provisions are to be reconciled if this can be done by fair and reasonable intendment; but, to the extent that they are necessarily repugnant, the latter shall prevail. The position is stated in substantially these terms by *Associate Justice Field* in *U. S. v. Tynen,* 78 U. S., 92, as follows: 'Where there are two acts on the same subject, the rule is to give effect to both, if possible; but if the two acts are repugnant in any of their provisions, the latter act, and without any repealing clause, operates to the extent of the repugnancy as a repeal of the first'; and in Sedgwick on Statutory Construction, p. 125, quoting from *Ely v. Bliss,* 5 Beavan, it is said: 'If two inconsistent acts be passed at different times, the last is to be obeyed, and if obedience cannot be observed without derogation from the first, it is the first that must give way.' " *Bramham v. Durham,* 171 N. C., 196.

Under the subject "Statutes," subhead "Conflicting Provisions," 59 C. J., par. 596, p. 999, reads: "In accordance with the principle that the last expression of the legislative will is the law, in case of conflicting provisions in the same statute, or in different statutes, the last in point of time or order of arrangement prevails."

The judgment of the Superior Court is in accord with the provisions of C. S., 8037, and the authorities cited, and is therefore affirmed.

Affirmed.