DAN W. McLEAN v. DURHAM COUNTY BOARD OF ELECTIONS.

(Filed 23 September, 1942.)

1. Statutes § 10—

Statutes on the same subject are to be reconciled if this can be done by giving effect to the fair and reasonable intendment of both acts. The presumption is always against repeal by implication, which results only when the statutes are inconsistent, necessarily repugnant, or wholly and utterly irreconcilable.

**2. Statutes § 5a—**

The Australian Ballot Law, ch. 164,. Public Laws 1929, and the Primary Law, ch. 101, Public Laws 1915, deal with the same subject matter and must be construed *in pari materia*. These acts are merely amendatory of, and supplementary to each other.

**3. Constitutional Law § 10½—Election filing fee not a tax or local law.**

The filing fee required by the Primary Law, Michie's Code, 6023, 6034, is in no sense a tax within the meaning of Art. II, sec. 14, or a local law as condemned by Art. II, sec. 29, of the Constitution of North Carolina.

**4. Same—**

So long as there is no unjust discrimination, the State Legislature has full power and authority, by the exercise of its inherent police power, to control and regulate primaries and elections, unaffected by any provisions of the Federal Constitution except the Fourteenth Amendment; and Primary .Law, ch. 101, Public Laws 1915, as amended by the Australian Ballot Act, ch. 164, Public Laws 1929, is reasonable and constitutional.

**5. Elections § 24—**

The Primary Law provides an exclusive method for nomination of candidates for office, and requires that a candidate must file a notice of candidacy, sign a pledge to abide by the result of the primary and pay a filing fee; and only those who have complied with the Primary Law shall have their names printed on the official ballot. The plaintiff not having complied with these provisions is not the nominee of any political party within the Act, and demurrer to his complaint for *mandamus* was properly allowed.

Appeal by plaintiff from *Parker, J.,* at June Term, 1942, of Durham. Affirmed.

Petition for *mandamus* to require defendant to print petitioner's name on the official ballot for the November, 1942, election.

On 23 May, 1942, plaintiff, a registered and qualified voter of Durham County, was selected by the Republican Party of said county as its candidate for clerk of the Superior Court of Durham County. The nomination was by the convention method.

Plaintiff's name, together with those of the other nominees so selected, was certified by the proper officers of the convention to the County Board of Elections 27 May, 1942. . On 29 May, 1942, the County Board of Elections, by letter, refused to accept such certificate, denied plaintiff's right to have his name printed on the official ballot and asserted its purpose not to do so, assigning as its reason therefor that plaintiff had failed to comply with essential provisions of the State Primary Law. Thereupon, plaintiff filed his petition for a writ of *mandamus*.

The plaintiff never filed notice of his candidacy or paid any filing or other fee. Nor has he signed a pledge to abide by the result of the primary. His name was certified to the board more than five weeks after the final date for filing notice of candidacy and paying the filing fee as fixed by statute.

The defendant appeared and demurred to the complaint and the amended complaint for that they do not state facts sufficient to constitute a cause of action for a writ of *mandamus* in that it is not ,alleged that plaintiff filed notice of his candidacy with the County Board of Elections of Durham County and paid the filing fee required of candidates for the office of clerk of the Superior Court of Durham County, or that he has otherwise complied with the law applicable to Durham County governing the nomination of candidates for county offices in primary elections; and that it affirmatively appears on the face of plaintiff's pleadings that he was nominated by a method not permitted by the law applicable to Durham County.

When the cause came on to be heard on the demurrer the court below entered its order sustaining the demurrer and denying the writ of *mandamus*. Plaintiff excepted and appealed.

*A. A. McDonald for plaintiff, appellant.*
*R. P. Reade for defendant, appellee.*
*Attorney-General McMullan and Assistant Attorney-General Patton for State Board of Elections, amicus curiæ.*

Barnhill, J. While plaintiff challenges the correctness of the judgment of the court below on a number of grounds, the primary and decisive question presented is this: May a candidate for county office be nominated by his political party in a manner other than that prescribed by the State Primary Law when such Primary Law is applicable?

Our original Primary Law was adopted in 1915. Ch. 101, Public Laws 1915. Various sections thereof have since been amended. In 1929 the General Assembly made provision for the use of the Australian Ballot "in all elections and in all primaries held in North Carolina." Ch. 164, Public Laws 1929. This act also repealed certain sections of the 1915 Act and amended other sections. The acts and the amendatory acts are all brought forward and codified in Michie's unofficial North Carolina Code of 1939. For convenience and brevity the pertinent sections of that publication are cited.

Plaintiff not only asserts that the 1915 Act is unconstitutional but also that, in effect, it was repealed by the 1929 Act.

Repeals by implication are not favored. *Bunch v. Comrs.,* 159 N. C., 335, 74 S. E., 1048; *Discount Corp. v. Motor Co.,* 190 N. C., 157, 129 S. E., 414; *S. v. Kelly,* 186 N. C., 365, 119 S. E., 755; *Story v. Comrs.,* 184 N. C., 336, 114 S. E., 493; *Hammond v. Charlotte,* 205 N. C., 469, 171 S. E., 612; and the presumption is always against implied repeal. *S. v. Perkins,* 141 N. C., 797. Statutes on the same subject are to be reconciled if this can be done by giving effect to the fair and reasonable

intendment of both acts. *Guilford County v. Estates Administration, Inc.,* 212 N. C., 653, 194 S. E., 295; or by reasonable construction of the statutes. *S. v. Calcutt,* 219 N. C., 545, 15 S. E. (2d), 9. Repeal by implication results only when the statutes are inconsistent, *Kearney v. Vann,* 154 N. C., 311, 70 S. E., 749; necessarily repugnant, *Guilford County v. Estates Administration, Inc., supra;* utterly irreconciliable, *S. v. Epps,* 213 N. C., 709, 197 S. E., 580; or wholly and irreconciliably repugnant, *Kelly v. Hunsucker,* 211 N. C., 153, 189 S. E., 664.

The Australian Ballot Law, ch. 164, Public Laws 1929, does not purport to supersede and replace the Primary Law, ch. 101, Public Laws 1915, but merely to write into the former law a progressive and desirable improvement. It contains abundant internal evidence that no repeal, except as therein expressly provided, was intended. It is merely amendatory of and supplementary to the 1915 Act, providing for the Australian Ballot and regulating the use thereof.

Just as the concepts of the direct primary and the secret ballot are consistent, so we think, are the laws providing for these mechanics of elections when construed according to the accepted rules of statutory construction.

As the Australian Ballot Law did not repeal the Primary Law and as the two acts deal with the same subject matter, they must be construed *in pari materia. Phillips v. Slaughter,* 209 N. C., 543, 183 S. E., 897.

Plaintiff's contention that he is entitled to have his name printed on the official ballot is bottomed on the provisions of section 5, ch. 164, Public Laws 1929; Michie's, section 6055 (a 5), which, in part, reads: "The ballots printed for use under the provisions of this chapter . . . shall contain the names of all candidates who have been put in nomination by any primary, convention, mass meeting, or other assembly of any political party in this State, or have duly filed notice of their independent candidacy." This language is substantially all-inclusive. Standing alone and unrelated to any other section or provision of the Primary and Election Law it must be said to furnish a sound basis for plaintiff's contention. Are there other related provisions which so modify this language as to deny plaintiff his right to have his name appear on the official ballot?

The Primary Law, Michie's, section 6018, *et seq.,* provides an exclusive method for the nomination of candidates for State and county offices. It regulates the nomination for State offices (1) by a political party; (2) of an independent candidate; and (3) to fill a vacancy caused by the death of a candidate. It is made applicable to nominations for county offices and provides that a candidate must file a notice of candidacy and sign a pledge to abide by the results of the primary. Sec. 6022, sec. 6034. He must likewise pay a filing fee equal to 1% of the annual

salary of the office he seeks. Sec. 6023, sec. 6034. And "Only those who have filed notice of their candidacy and who shall have complied with the requirements of law applicable to candidates before primaries with respect to such primary election shall have their names printed on the official ballot of their respective parties." Sec. 6033.

Originally, the Primary Law excepted forty-nine counties. It has been so amended that now only three counties are excluded. In these excluded counties nominations may be made in convention, mass meeting or other assembly in accord with party rule and regulation. In making provision for official printed ballots it was necessary that the General Assembly bear this in mind and to use language sufficiently broad to assure ballots in each and every county. Hence, the wording of section 6055 (a 5).

When the provisions for primaries and elections as contained in the several acts of the Legislature are considered as one composite whole, it clearly appears that only those who have been legally nominated for county office under the law applicable to the county in which the nomination is made shall have their names appear on the official ballot. A candidate is not a nominee unless and until he has been put in nomination as required by statute. Until he becomes a nominee in the required manner he cannot claim the right to have his name printed on the official ballot.

Plaintiff failed to file notice of his candidacy or to sign the required pledge or to pay the necessary filing fee. Neither he nor his party could disregard or evade these positive requirements. Hence, he is not the nominee of any political party, within the meaning of the Primary Law, and is not entitled to the relief he seeks.

In no sense is the filing fee required by section 6023 and section 6034 a tax within the meaning of Art. II, sec. 14, or a local law as condemned by Art. II, sec. 29, of the Constitution of North Carolina. It is only one of the reasonable means adopted by the Legislature to regulate primary elections for the selection of candidates for public office and to prevent an indiscriminate scramble for office and the wholesale filing of petitions for nomination regardless of fitness or qualification.

While elections should be frequently held, Art. I, sec. 28, they must be conducted in an orderly manner. Nominations for office must be in accord with reasonable rules and regulations. The power and authority to control and regulate primaries and elections as they affect county and State offices rests exclusively in the legislative branch of the State Government, unaffected by any provisions of the Federal Constitution except the Fourteenth Amendment. *Newberry v. U. S.,* 256 U. S., 232, 65 L. Ed., 913; *U. S. v. Gradwell,* 243 U. S., 476, 61 L. Ed., 857. So long as there is no unjust discrimination the State may, by exercising its inherent police power, suppress whatever evils may be incident to a

primary or convention for the designation of candidates for election to public office. *Newberry v. U. S., supra.* Statutes prescribing reasonable rules and regulations to this end are constitutional. *S. v. Cole,* 156 N. C., 618. See also *Socialist Party v. Uhl,* 155 Cal., 776, 103 Pac., 181; *Ex Parte, S. v. ex rel. Bragg,* 197 So., 32; *S. ex rel. Landis v. Carson,* 154 So., 150; *Koelsch v. Girard,* 35 Pac. (2d), 816; *S. v. Carrington,* 190 N. W., 390.; *Whitney v. Skinner,* 241 S. W., 350; *Hamilton v. Davis,* 217 S. W., 431.

We find nothing in any of the pertinent acts which conflicts with any provision either of the State or of the Federal Constitution. Their enactment was a valid exercise of legislative authority and deprives plaintiff of no constitutional right.

The judgment below is

Affirmed.