ADAMS-MILLIS CORPORATION, RAY M. GRAVES, JR., AND PAUL A. BUTNER v. TOWN OF KERNERSVILLE, NORTH CAROLINA

No. 34

(Filed 12 April 1972)

1. Taxation § 25— ad valorem taxes — property within annexation area — appeal of annexation ordinance

 Where an appeal from an annexation ordinance was pending in the Court of Appeals on the effective date of annexation specified in the ordinance, 15 May 1969, and the decision of the Court of Appeals was filed and certified in September 1969, property within the area being annexed was not subject to municipal ad valorem taxes for the fiscal year beginning 1 July 1969, since (1) newly annexed territory "is subject to municipal taxes levied for the fiscal year following the effective date of annexation," G.S. 160-453.5(f), and (2) under G.S. 160-453.6(i) the appeal postponed the effective date of the ordinance until "the date of the final judgment" of the appellate court.

2. Municipal Corporations § 2— appeal from annexation ordinance — Court of Appeals

 An appeal from an order of the superior court affirming an annexation ordinance was properly taken to the Court of Appeals, notwithstanding by legislative oversight Sections (h) and (i) of G.S. 60-453.6 were not amended to include the Court of Appeals as one of the appellate courts, since G.S. 7A-27 gives initial appellate jurisdiction of such cause to the Court of Appeals; and the Court of Appeals, therefore, is deemed to be included in G.S. 160-453.6(h) and (i).

APPEAL by plaintiffs from *Kivett, J.,* 20 September 1971 Session "B" of Forsyth, certified for initial appellate review by the Supreme Court under G.S. 7A-31.

Plaintiffs instituted this action on 1 March 1971 pursuant to G.S. 105-267 and G.S. 105-406 (now G.S. 105-381 (1971)) to recover taxes paid defendant under protest.

Admissions in the pleadings, the record evidence, and affidavits establish the following facts: On 6 August 1968 the Board of Aldermen for the Town of Kernersville (the Town) adopted an ordinance extending the corporate limits to include, *inter alia,* the territory designated as Study Area No. Four. The effective date of the annexation was specified in the ordinance as 15 May 1969. Each of the plaintiffs owns real and personal property located in Area No. Four.

On 5 September 1968 plaintiff Adams-Millis Corporation (Adams-Millis), acting under G.S. 160-453.6, appealed the annexation of Area No. Four to the Superior Court. The appeal was heard by Seay, J., who affirmed the annexation ordinance without change on 6 February 1969. Adams-Millis appealed to the Court of Appeals and, on 14 May 1969, petitioned Judge Seay to stay the operation of the ordinance as to Area Four pending the appeal. On the same day Judge Seay denied the petition. On 17 September 1969 the Court of Appeals filed its decision affirming Judge Seay's judgment, *Adams-Millis Corp. v. Kernersville,* 6 N.C. App. 78, 169 S.E. 2d 496. The decision was certified to the Superior Court of Forsyth County on 29 September 1969. This Court denied certiorari on 2 December 1969, 275 N.C. 681.

While the Adams-Millis appeal from the annexation ordinance was pending before the Court of Appeals, the Town, purporting to act under G.S. 160-453.5 (f), levied ad valorem taxes against plaintiffs' property in Area Four for the fiscal year beginning 1 July 1969 and ending 30 June 1970. Plaintiffs paid these taxes under protest and brought this action. Kivett, J., adjudged that plaintiffs were not entitled to a refund of the protested taxes and dismissed the action. Plaintiffs appealed to the Court of Appeals, and we allowed their petition for initial appellate review by this Court.

*Womble, Carlyle, Sandridge & Rice for plaintiff appellants.*

*R. Kason Keiger for defendant appellee.*

SHARP, Justice.

[1] Newly annexed territory is "subject to municipal taxes levied for the fiscal year following the effective date of annexation." G.S. 160-453.5(f). Therefore, plaintiffs' right to recover taxes paid under protest for the fiscal year beginning 1 July 1969 depends upon whether the annexation ordinance became effective before or after that date. The answer to this question is found in G.S. 160-453.6(i), which provides:

"If part or all of the area annexed under the terms of an annexation ordinance is the subject of an appeal to the superior or Supreme Court on the effective date of the ordinance, then the ordinance shall be deemed amended to make the effective date with respect to such area the date of the final judgment of the superior or Supreme Court, whichever is appropriate, or the date the municipal governing board completes action to make the ordinance conform to the court's instructions in the event of remand."

[2] Before considering this section it must be noted that at the time it was enacted as N. C. Sess. Laws, Ch. 1010, Section 6 (1959), the Supreme Court was the only court to which an appeal could be taken from the superior court. When the Court of Appeals was created as of 1 January 1967, the appellate division of the General Court of Justice became the Supreme Court and the Court of Appeals. G.S. 7A-5, G.S. 7A-16; *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376. By a clear legislative oversight Sections (h) and (i) of G.S. 160-453.6 were not amended to include the Court of Appeals as one of the appellate courts. However, N. C. Sess. Laws, Ch. 108, Section 1 (1967), codified as G.S. 7A-25 to -35, defines the respective appellate jurisdiction of the Supreme Court and the Court of Appeals. By G.S. 7A-27 initial appellate jurisdiction of this cause is given to the Court of Appeals subject, however, to the provisions of G.S. 7A-31. The Court of Appeals, therefore, is now deemed to be included in Sections (h) and (i) of G.S. 160-453.6. *Guilford County v. Estates Administration, Inc.,* 212 N.C. 653, 194 S.E. 295. This appeal was properly taken to the Court of Appeals, from which it was transferred to this Court upon our order entered under G.S. 7A-31.

Applying Section (i) to the facts of this case, it is quite obvious that the effective date of the annexation of Area Four

was subsequent to the fiscal year beginning 1 July 1969, and that plaintiffs' property was illegally assessed for taxes that year.

On 15 May 1969, the effective date specified in the ordinance, the annexation of Area Four was the subject of an appeal to the Court of Appeals. Therefore, the ordinance did not become effective until "the date of the final judgment" of that court. Its decision, filed 17 September 1969, was certified to the Superior Court on 29 September 1969. This Court denied certiorari on 2 December 1969. Therefore, the date on which the ordinance became effective could not have been earlier than 29 September 1969; so the fiscal year following the effective date of annexation did not begin until 1 July 1970.

Notwithstanding the unambiguous language of Section (i), defendant Town asserts that to construe it as written is to set at naught the provisions of Section (h) of the same statute, G.S. 160-453.6, which governs appeals in annexation proceedings. Section (h), after authorizing any party to a proceeding for the review of an annexation ordinance to appeal from the final judgment of the Superior Court, provides:

"The appealing party may apply to the superior court for a stay in its final determination, or a stay of the annexation ordinance, whichever shall be appropriate, pending the outcome of the appeal to the Supreme Court; provided, that the superior court may, with the agreement of the municipality, permit annexation to be effective with respect to any part of the area concerning which no appeal is being made and which can be incorporated into the city without regard to any part of the area concerning which an appeal is being made."

The Town contends that if the legislature had intended by Section (i) to stay an annexation ordinance until it had "been processed" through the Superior Court and the appellate division, there would have been no reason to authorize a stay of annexation "pending the outcome of the appeal" in Section (h). It argues: (1) When the Superior Court affirmed the ordinance without change on 6 February 1969, and thereafter refused to stay its operation pending the appeal, as it was authorized to do under Section (h), the annexation became effective on 15 May 1969, subject only to reversal in the appellate division; and (2) when the Court of Appeals, in a decision which the Supreme

Court declined to review, affirmed the judgment of the Superior Court it also affirmed the ordinance and 15 May 1969 as the effective date of the annexation of Area Four since that was the date specified therein.

The explicit language of Section (i), which fits this case exactly, renders the Town's contentions untenable. The first sentence of Section (h), which permits either party to a review proceeding to appeal, is applicable to any case. However, the proviso which concludes the second and last sentence is not applicable to this case. The first portion of the second sentence is utterly irreconcilable with Section (i) and, in this context, we cannot discern its meaning, if any. Without attempting to analyze Section (h) or to fathom its meaning, we hold that Section (i) controls decision here.

The Town's contentions that this action is a collateral attack on the ordinance and that plaintiffs are estopped to recover the taxes paid under protest are without merit and require no discussion.

For the reasons stated herein plaintiffs are entitled to recover the taxes for which this suit was instituted. The decision of the Superior Court is

Reversed.