GRIER G. NEWLIN, ADMINISTRATOR OF THE ESTATE OF WILLIAM HENRY KIMREY, DECEASED v. EDWIN GILL, TREASURER OF THE STATE OF NORTH CAROLINA, THE ESTATE OF THOMAS PRESTON KIMREY, ET AL.

No. 7619SC669

(Filed 16 February 1977)

1. Escheats— collateral kinsman — great-grandparent as common ancestor

Under G.S. 29-14 and G.S. 29-15 a collateral kinsman may not succeed to a decedent's estate unless the common ancestor of the collateral kinsman and the decedent is a parent or grandparent of the decedent; therefore, an estate escheated pursuant to G.S. 29-12 where decedent was survived only by collateral kinsmen, and the common ancestor of decedent and each collateral kinsman was a great-grandparent of the decedent.

2. Escheats— prevention of escheat — parent or grandparent as common ancestor

The proviso of G.S. 29-7 operates to prevent an escheat by providing for unlimited succession by collateral kinsmen when there is no collateral kinsman within the fifth degree only when the common

ancestor of the collateral kinsmen and the decedent is a parent or grandparent of the decedent.

APPEAL by defendants, Edwin Gill, Treasurer of the State of North Carolina, and the Estate of Thomas Preston Kimrey, from *Lupton, Judge.* Judgment entered 1 June 1976 in Superior Court, RANDOLPH County. Heard in Court of Appeals 19 January 1977.

Plaintiff, Grier G. Newlin, Administrator of the Estate of William Henry Kimrey, brought this action for a declaratory judgment to determine how the decedent's estate should be distributed. Defendants are decedent's surviving collateral kinsmen, including the estate of Thomas Preston Kimrey, and the State Treasurer. The following facts are not in controversy:

William Henry Kimrey died intestate on 15 March 1975. He was not survived by any living descendants of his parents or grandparents. He was survived by Thomas Preston Kimrey, a collateral kinsman in the fifth degree, and numerous collateral kinsmen in the sixth and higher degrees. All of the surviving kinsmen are related to the decedent through one of his great-grandparents. Thomas Preston Kimrey died on 31 March 1976.

The trial court concluded that the estate of William Henry Kimrey did not escheat pursuant to G.S. 29-12 and ordered that the estate "be distributed to all the collateral kin of the late William Henry Kimrey as by law provided. . . . "

The State Treasurer and the Estate of Thomas Preston Kimrey appealed.

*Moser and Moser by Thad T. Moser for plaintiff appellee.*

*Wade C. Eulis for defendant appellee, Nancy Martin Sharpe.*

*Lacy L. Lucas, Jr., and J. Thomas Keever, Jr., for defendant appellees, Floyd Ray Kirkman, et al.*

*Morgan, Byerly, Post, Herring & Keziah by J. V. Morgan for defendant appellant, the Estate of Thomas Preston Kimrey.*

*Attorney General Edmisten by Assistant Attorney Charles J. Murray for defendant appellant, Edwin Gill, Treasurer of the State of North Carolina.*

HEDRICK, Judge.

This appeal involves the construction of G.S. 29-12, 29-14, 29-15, and 29-7. G.S. 29-12 provides:

> "If there is no person entitled to take under G.S. 29-14 or G.S. 29-15 . . . the net estate shall escheat as provided in G.S. 116A-2."

The persons entitled to take under the provisions of G.S. 29-14 and 29-15 are the decedent's surviving spouse, lineal descendants, parents and their lineal descendants, and grandparents and their descendants. G.S. 29-7 provides:

> "There shall be no right of succession by collateral kin who are more than five degrees of kinship removed from an intestate; provided that if there is no collateral relative within five degrees of kinship referred to herein, then collateral succession shall be unlimited to prevent any property from escheating."

The State Treasurer contends the trial court erred in concluding that the estate did not escheat pursuant to the provisions of G.S. 29-12. The other defendants, collateral kinsmen of the decedent, contend that G.S. 29-12 and 29-7 are in direct and irreconcilable conflict, and that the trial judge correctly concluded that G.S. 29-7 prevented decedent's estate from escheating.

Statutes on the same subject should be construed so as to give effect to the fair and reasonable intendment of each statute. *Comr. of Insurance v. Automobile Rate Office,* 287 N.C. 192, 214 S.E. 2d 98 (1975); *McLean v. Board of Elections,* 222 N.C. 6, 21 S.E. 2d 842 (1942); *Allen v. Reidsville,* 178 N.C. 513, 101 S.E. 267 (1919).

[1] No provision is made in G.S. 29-14 or 29-15 for any collateral kinsman to succeed to a decedent's estate unless the common ancestor of the collateral kinsman and the decedent is a parent or grandparent of the decedent. Since the common ancestor of the decedent and each collateral kinsman, in this case, is a great-grandparent of the decedent, none of the collateral kin are entitled to take under G.S. 29-14 or 29-15. The estate, therefore, escheats pursuant to the provisions of G.S. 29-12.

[2]   In our opinion G.S. 29-7 has no application unless the common ancestor of the collateral kin and the decedent is a parent or grandparent of the decedent. In such an event the main clause in G.S. 29-7 operates to exclude a collateral kinsman of a sixth or higher degree from succeeding to the estate, even though he is a lineal descendent of the decedent's parents or grandparents. The *proviso* in G.S. 29-7 in order to prevent the escheat of the decedent's estate provides for unlimited succession by collateral kinsmen who are descendants of the decedent's parents or grandparents when there is no such collateral kinsman within the fifth degree.

We hold the trial court erred in concluding that the property did not escheat as provided by G.S. 29-12. This decision makes it unnecessary to discuss the assignment of error brought forward and argued by the defendant, the Estate of Thomas Preston Kimrey.

For the reasons stated the judgment is reversed, and the cause is remanded to the superior court for the entry of a judgment consistent with this opinion.

Reversed and remanded.

Judges VAUGHN and CLARK concur.