IN THE SUPREME COURT OF NORTH CAROLINA

No. 398PA18

Filed 3 April 2020

TOWN OF PINEBLUFF

v.

MOORE COUNTY; CATHERINE GRAHAM, in her capacity as a County Commissioner; NICK PICERNO, in his official capacity as a County Commissioner; OTIS RITTER, in his capacity as a County Commissioner; RANDY SAUNDERS, in his capacity as a County Commissioner; and JERRY DAEKE, in his capacity as a County Commissioner

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, published decision of the Court of Appeals, 821 S.E.2d 446 (N.C. Ct. App. 2018), affirming the trial court's entry of summary judgment and writ of mandamus entered on 5 December 2016 by Judge James M. Webb in Superior Court, Moore County. Heard in the Supreme Court on 4 February 2020.

*David M. Rooks, for plaintiff-appellee.*

*Misty Randall Leland, County Attorney, and Elizabeth Curran O'Brien, Assistant County Attorney, for defendant-appellants.*

HUDSON, Justice.

Here, we must determine whether the Court of Appeals erred by affirming the trial court's entry of summary judgment for plaintiff Town of Pinebluff (Pinebluff). The Court of Appeals reached its conclusion after determining that there was an irreconcilable conflict between N.C.G.S. § 160A-360(e) and N.C.G.S. § 160A-360(f) as amended by Session Law 1999-35, and that Session Law 1999-35 operated to

invalidate the applicability of subsection (e) with regards to Pinebluff. Because we conclude that the Court of Appeals erred in its decision, we reverse.

## I.    Factual and Procedural Background

The facts of this case are uncontested; the parties have agreed that there are no issues as to any material fact.

In 1999, the General Assembly enacted Session Law 1999-35, a local act that amended North Carolina's extraterritorial jurisdiction (ETJ) statute, N.C.G.S. § 160A-360, as it pertains to Pinebluff. *See* An Act Relating to the Exercise of Extraterritorial Jurisdiction by the Town of Pinebluff, S.L. 1999-35, 1999 N.C. Sess. Laws 35.

On 19 July 2007, Pinebluff annexed approximately fifteen acres of land that officially extended the town's corporate boundaries. Several years later, in October 2014, Pinebluff requested that the Moore County Board of Commissioners adopt a resolution to authorize the expansion of Pinebluff's ETJ two miles beyond the annexed boundary, pursuant to N.C.G.S. § 160A-360, as modified by Session Law 1999-35. Pinebluff interpreted Session Law 1999-35 to require Moore County to approve the extension of ETJ. Moore County disagreed on the effect that Session Law 1999-35 had on N.C.G.S. § 160A-360 and, after several public hearings of the Moore County Planning Board and the Moore County Board of Commissioners, the Board of Commissioners voted unanimously to deny Pinebluff's request to extend the area of its ETJ.

Pinebluff filed a complaint against Moore County seeking a writ of mandamus directing the Board of Commissioners to adopt a resolution authorizing the ETJ expansion. Moore County moved to dismiss Pinebluff's claims and moved for judgment on the pleadings. Pinebluff then moved for summary judgment. The trial court issued an order denying Moore County's motions and allowing Pinebluff's motion for summary judgment. The court directed Moore County to adopt a resolution authorizing Pinebluff to exercise its ETJ within the area requested in its October 2014 resolution.

Moore County appealed the trial court's order to the Court of Appeals. The court unanimously affirmed the trial court's order, concluding that Session Law 1999-35 required Moore County to approve Pinebluff's ETJ expansion request. Moore County filed a petition for discretionary review, which we allowed on 14 August 2019.

## II.    Analysis

"We review a trial court's order granting or denying summary judgment de novo." *Craig ex rel. Craig v. New Hanover Cty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (emphasis omitted) (citation omitted). This case also presents a question of statutory interpretation, which we likewise review de novo. *Applewood Props., LLC v. New S. Props., LLC*, 366 N.C. 518, 522, 742 S.E.2d 776, 779 (2013) (quoting *Dickson v. Rucho*, 366 N.C. 332, 339, 737 S.E.2d 362, 368 (2013)).

Session Law 1999-35 amended subsections (a) and (f) of N.C.G.S. § 160A-360 as they pertain to the Town of Pinebluff. The amendment to subsection (a) allows

Pinebluff to extend its ETJ up to two miles beyond its corporate limits. S.L. 1999-35, § 1. We agree with the Court of Appeals that subsection (a) does not require approval from the county for an extension up to two miles. The amendment to subsection (f) allows Pinebluff to extend its ETJ two miles beyond an annexed area. S.L. 1999-35, § 2. When Pinebluff extends its ETJ under this subsection, the county must allow the extension so long as Pinebluff has presented proper evidence that the annexation has been accomplished. *Id.* ("[U]pon presenting proper evidence to the County Board of Commissioners that the annexation has been accomplished, the County Board of Commissioners shall adopt a resolution authorizing [Pinebluff] to exercise these powers within the extended area . . . described.").

However, subsections (a) and (f), as amended, must be read in the context of the rest of the statute, since we assume "that the Legislature acted with full knowledge of prior and existing law." *Ridge Cmty. Inv'rs, Inc. v. Berry*, 293 N.C. 688, 695, 239 S.E.2d 566, 570 (1977) (citing *State v. Benton*, 276 N.C. 641, 174 S.E.2d 793 (1970)). Despite the fact that subsections (a) and (f) do not themselves impose restrictions on Pinebluff's authority to extend its ETJ within two miles of its corporate limits and annexed areas, we consider whether other subsections of N.C.G.S. § 160A-360 impose limitations on Pinebluff's ability to extend its ETJ into those areas.

Subsection (e) states that "[n]o city may . . . extend its [ETJ] powers . . . into any area for which the county at that time has adopted and is enforcing a zoning ordinance and subdivision regulations and within which it is enforcing the State

-4-

Building Code." N.C.G.S. § 160A-360(e). The text also provides two exceptions to this rule: (1) where the county is not exercising each of the three powers enumerated in subsection (e) in the area, or (2) when the city and county have agreed on the area within which each will exercise its power. *Id.* Therefore, absent one of the exceptions, subsection (e) prohibits any city—including Pinebluff—from extending its ETJ into an area in which the county is exercising each of its three powers.

The Court of Appeals determined that, as to Pinebluff, subsection (e) was invalidated by subsection (f) as amended by Session Law 1999-35, which required the County Board of Commissioners to approve Pinebluff's ETJ expansion. 821 S.E.2d at 454. But we disfavor any interpretation that repeals by implication another portion of the statute. *See McLean v. Durham Cty. Bd. of Elections*, 222 N.C. 6, 8, 21 S.E.2d 842, 844 (1942) ("[T]he presumption is always against implied repeal. . . . [r]epeal by implication results only when the statutes are inconsistent, necessarily repugnant, utterly irreconcilable, or wholly and irreconcilably repugnant." (internal citations omitted)).

We read the statute in its entirety, harmonize its subsections, and "give effect to each" subsection. *Charlotte City Coach Lines, Inc. v. Bhd. of R.R. Trainmen*, 254 N.C. 60, 68, 118 S.E.2d 37, 43 (1961) (quoting *Town of Blowing Rock v. Gregorie*, 243 N.C. 364, 371, 90 S.E.2d 898, 904 (1956)) ("[I]t is a general rule that the courts must harmonize such statutes, if possible, and give effect to each . . . ."). We conclude that there is no irreconcilable conflict between subsections (e) and (f). Indeed, Session Law

1999-35 has no effect on subsection (e) and Pinebluff may extend its ETJ under subsections (a) and (f) only if the extension also complies with the provisions of subsection (e).

Thus, if Moore County is not exercising all three powers enumerated in subsection (e), Pinebluff may extend its ETJ up to two miles beyond its corporate limits under subsection (a) or beyond its annexed areas under (f) without seeking approval from the county. Likewise, if Moore County and Pinebluff reach an agreement on the area within which each will exercise its powers, Pinebluff may extend its ETJ up to two miles beyond its existing corporate limits under subsection (a) or beyond its annexed areas under (f) without seeking approval from the county. But where no agreement is in place and Moore County has adopted and is enforcing a zoning ordinance and a subdivision regulation, and is also enforcing the State Building Code, Pinebluff may not extend its ETJ into that area without approval of the county, regardless of whether the area falls within two miles of its corporate limits or an annexed area.

Here, Moore County was exercising all three powers under subsection (e) within Pinebluff's proposed ETJ expansion area: it had adopted and was enforcing a zoning ordinance and subdivision regulations, and was enforcing the State Building Code. Therefore, Pinebluff was not allowed to extend its ETJ into that area unless it reached an agreement with or received approval from Moore County. The county held public hearings and voted to deny Pinebluff's request, refusing to adopt a resolution

that would allow Pinebluff to expand its ETJ. Thus, Moore County and Pinebluff did not reach an agreement, and the county did not approve the requested resolution. Therefore, Pinebluff was prohibited from expanding its ETJ into that area.

### III.    Conclusion

Because we conclude there is no irreconcilable conflict between the subsections of N.C.G.S. § 160A-360 as modified by Session Law 1999-35, and that subsection (e) prohibits Pinebluff from extending its ETJ into the proposed areas without an agreement between Pinebluff and Moore County, we reverse the decision of the Court of Appeals affirming the trial court's entry of summary judgment and remand for further remand to the trial court for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.