The indictment charged that the defendant, "being an evil disposed person and designing and intending feloniously to defraud one *Page 225 
William R. Smith, on the 1st day of October, in the year of our Lord 1822, in the county of Buncombe aforesaid, did attempt to pass feloniously and fraudulently to the said William R. Smith, as good and genuine, a false, forged, and counterfeited bank note purporting to be a good and genuine bank note of $100 on the Bank of South Carolina, which false, forged, and counterfeited bank note is as follows, to wit: [Here follows the note] with intent, etc., he, the said William Welsh, then and there well knowing, etc."
On the trial before Badger, J., the attempt to pass the note, and defendant's knowledge that it was not genuine, were satisfactorily proven. To show that there was such a bank as that mentioned in the indictment, the State offered in evidence a duly certified copy of an act of the Legislature of South Carolina, passed in 1802, entitled "An act to incorporate the State Bank," and imposing certain restrictions on the directors, officers, and servants of banks in this State. The only part of this act material to this purpose was the first section, in these words:"Be it therefore enacted, That so much of the act passed on the 19th day of December, in the year of our Lord 1801, entitled `An act to incorporate the South Carolina and State banks,' as relates to the said State banks, be and the same is hereby repealed."
Two objections were taken to this evidence: First, that the law produced was not the act of incorporation, but an act which referred to it; and, second, that the act referred to incorporates the South Carolina Bank, and not the Bank of South Carolina mentioned in the indictment.
The judge received the evidence and left it to the jury to say upon that evidence whether there was such a bank as "the South Carolina Bank" mentioned in the act, and whether that is the same bank (406) with the Bank of South Carolina mentioned in the indictment.
The jury found the defendant guilty; a new trial having been refused, the defendant appealed.
This is in indictment for attempting to pass as good and genuine a forged note of $100 on the Bank of South Carolina. In order to prove the existence of such a bank a certified copy of an act of the Legislature of South Carolina is introduced, which was (407) passed in the year 1802, and entitled "An act to incorporate the State Bank, and imposing certain restrictions on the directors, officers, and servants of banks in this State." The first section of this act, the only part of it shown in evidence, repeals so much of the act passed 19 December, 1801, entitled "An act to incorporate the South Carolina and *Page 226 
State Banks," as relates to said State Bank. The objection taken to this evidence is that it is not a certified copy of the act of incorporation, but of another act referring to it. It must be acknowledged that a certified copy of one act is, as far as it goes, equal to a certified copy of another act, though it may not afford equal assurance of the fact. It is evidence of the same kind; and its sufficiency to establish the fact is to be judged of by the jury; in the same manner as the execution of a deed may be proved by one subscribing witness alone, although there are others to the deed who are not called. Accordingly, if the copy now offered recited the act of 1801, I should deem it unexceptionable, as coming from the same source with a copy of the first act, made on purpose to be certified. But here the title of the act of 1801 is alone recited, and it may be presumed from hence that evidence of a higher degree, viz., the act itself, or a copy, is kept back; and then the legal presumption follows that if it were produced it would disprove the fact sought to be established. The fact in controversy here was whether, when the defendant attempted to pass the note, viz., 1 October, 1822, there was such a bank in existence as the Bank of South Carolina. The best evidence of that fact is a copy of the law enacting the bank, for that alone can show the duration of its charter; but the evidence offered is the recital of the title of such act. The title of an act is not part of the act. Barrington, 444; I Ld. Ray., 72, and appears to me to be inferior evidence to the act itself. (408) on this ground I think there ought to be a new trial.
HALL, J., was of the same opinion.