J. F. SOMERSETTE, J. W. SOMERSETTE AND HERBERT A. MINTZ v.
WALTER M. STANALAND.

(Filed 4 May, 1932.)

1. **Trial D b—Directed verdict may be given in favor of party having burden of proof where all evidence and inferences are in his favor.**

   Where the evidence is conflicting the court may not direct a verdict in favor of the party having the burden of proof, but where the facts are admitted or established, and only one inference can be drawn therefrom, a directed verdict may be given.

2. **Dedication A b—Evidence of dedication by owner and acceptance by the public held sufficient for directed verdict.**

   Where, in an action to restrain the defendant from obstructing a roadway across his lands, it is not controverted that the defendant's deed referred to an unregistered plat showing the roadway across the lands conveyed and that at the time of and before the execution of the defendant's deed the road was used by the public, an instruction directing an affirmative verdict upon the issues of dedication and acceptance of the road for a public use is not error, and the registration of the plat referred to in the deed is not necessary.

3. **Estoppel A a—Where grantor is estopped by deed from denying dedication of public way his grantee is also estopped.**

In a suit to restrain the grantee from obstructing a public road that had been platted and referred to in the deed, and which road has been used by the public prior to the execution of the deed, both the grantor and grantee is mutually estopped to deny that the road had been dedicated to the public use.

APPEAL by defendant from *Moore, Special Judge,* at September Term, 1931, of BRUNSWICK.

The plaintiff instituted this action against the defendant to procure a restraining order and a mandatory injunction to compel the removal of obstructions placed by the defendant in a public road. Upon pleadings filed issues were submitted to the jury and answered as follows:

1. Did the defendant, W. M. Stanaland, purchase lot No. 1, from A. G. Frink and wife, as alleged in the complaint? Answer: Yes.

2. Did the defendant, W. M. Stanaland, purchase lot No. 2, from J. R. Mintz, as alleged in the complaint? Answer: Yes.

3. Has that portion of lots Nos. 1 and 2, upon which the road in question is indicated in the map offered in evidence, been dedicated to the public for public use, and has the same been used by the public as a public road? Answer: Yes.

4. Did the defendant, W. M. Stanaland, wilfully and unlawfully obstruct that part of the public road through, upon and over lots Nos. 1 and 2, as alleged in the complaint? Answer: Yes.

The first two issues were answered by consent. In reference to the third and fourth, the court instructed the jury to answer them in the affirmative if they found the facts to be as the evidence tended to show.

The defendant claimed title to lots 1 and 2 under the following conveyances: A deed to the defendant executed by A. G. Frink on 25 February, 1928, and a deed to defendant executed by J. R. Mintz, his wife Edna Mintz, and his mother Mary E. Mintz, on 25 February, 1928. In the first deed lot No. 1 is described by metes and bounds, "containing 14/100 acres and known as lot No. 1, according to a plat in a survey made by A. J. Brown, 14 October, 1927." The description of lot No. 2 is by metes and bounds together with a similar reference to the survey made by A. J. Brown.

A. J. Brown testified that he made the survey on 14 October, 1927, and prepared the plat referred to in the deeds, and A. G. Frink testified that he had the plat and showed the defendant the road extending through lots 1 and 2 and that the defendant knew the road was there at the time he made the purchase. The defendant admitted in his testimony

that the road appeared on the plat at the time he bought the lots and that the public was using the road at that time and had used it prior thereto.

The plat made by Brown shows that the road referred to extended across a part of lots 1 and 2. The question was whether the road was private or whether it had been dedicated to public use.

*Robert W. Davis for plaintiff.*
*C. Ed. Taylor for defendant.*

ADAMS, J. If the evidence in a case is conflicting the trial judge cannot direct a verdict in favor of the party upon whom rests the burden of proof; but if the facts are admitted or established and only one inference can be drawn from them the judge may "draw the inference and so direct the jury." *Reinhardt v. Ins. Co.,* 201 N. C., 785. In the present case the instruction complained of was not in conflict with this rule.

Brown's survey was made 14 October, 1927; his plat shows nine lots laid off and described by metes and bounds; and the road in question is represented as extending across a part of lots one and two and intersecting with the Grissett crossroad. The defendant received his deeds for these two lots on 25 February, 1928, with knowledge that the road had been located as described. He testified that at the time of his purchase the road appeared on the map. In fact, his deeds refer to the survey and the plat as a part of the description. He testified that the road was then used by the public and had been used for some time; and other witnesses said the road had been accepted by the board of county commissioners.

It is an established principle that if the owner of land lays it off into lots with intersecting alleys, streets, or highways, and conveys the lots by reference to the plat, he thereby dedicates such alleys, streets, and highways to the use of the purchasers and of the public, unless it appears that the mention of the alleys, streets, or highway was intended only for the purpose of description. *Conrad v. Land Co.,* 126 N. C., 776; *Bailliere v. Shingle Co.,* 150 N. C., 627, 636; *Green v. Miller,* 161 N. C., 25; *Wheeler v. Construction Co.,* 170 N. C., 427; *Elizabeth City v. Commander,* 176 N. C., 26. The principle may apply to a plat of ground outside, as well as to property within, a town or village; a dedication may be made of a country road or of a city street. 18 C. J., 48, sec. 25; *Green v. Miller, supra.* It is not necessary that a plat be registered in order to become a part of the description of the property conveyed. *Collins v. Land Co.,* 128 N. C., 563.

The defendant could have compelled the owners of the land who executed the deeds to abide by their dedication of the road. The owners

were estopped to deny the dedication. We may grant that so far as the general public is concerned acceptance is requisite to dedication. *Wittson v. Dowling,* 179 N. C., 542; *Irwin v. Charlotte,* 193 N. C., 109; *Gault v. Lake Waccamaw,* 200 N. C., 593; *Wright v. Lake Waccamaw, ibid.,* 616. But here the road had been accepted and used by the public before the defendant acquired his title. Estoppels are mutual, and under the facts disclosed by the evidence we are of opinion that the owners of the land and the defendant are estopped in equity to deny that the road in question was dedicated to the public use.

Upon an inspection of the several assignments of error we find no cause for disturbing the judgment.