COMMERCIAL BANKING CORPORATION v. H. C. LINTHICUM.

(Filed 12 December, 1934.)

1. **Evidence I b—**

Letters purporting to have been written by a party to the suit relating to a material matter in controversy must be properly identified as genuine in order to be competent in evidence.

2. **Insurance E e: Evidence J a — Parol evidence of contemporaneous agreement to insure held incompetent as against purchaser of note secured by chattel mortgage.**

Plaintiff, the purchaser of notes secured by an instrument amounting in effect to a chattel mortgage on an automobile, brought suit on the notes. The instrument and notes stipulated that there was no contemporaneous oral agreement between the parties. Defendant maker set up the defense that the payee of the note, at the time of the loan, agreed to use part of the proceeds to purchase insurance on the automobile, that the payee had failed to do so, and that the car had been burned, and that the amount of the loss by fire should be subtracted from the amount of the note: *Held*, in the absence of evidence that plaintiff was not a purchaser for value, or that the payee of the note was plaintiff's agent in making the agreement, defendant was not entitled to set up the verbal agreement of the payee to purchase the insurance.

3. **Trial D b—**

The trial judge cannot direct a verdict in favor of the party upon whom rests the burden of proof unless the facts are admitted or established, and only one inference can be drawn therefrom.

CIVIL ACTION, before *Grady, J.*, at Second June Term, 1934, of WAKE.

On 11 March, 1932, the defendant executed and delivered to O. K. Kines a negotiable promissory note for the sum of $264.00. This note was secured by a lease agreement according to the terms of which instrument the defendant leased from said Kines a Packard automobile. The document contained a stipulation providing that "there is no guar-

antee, representation, agreement, verbal or written, or other condition whatsoever as an inducement for or contemporaneous to the execution hereof, and the entire agreement relating to the said motor vehicle is herein contained." In practical effect the defendant borrowed $264.00 from Kines and secured the payment thereof with a chattel mortgage upon his Packard automobile. Kines, the payee in the note, transferred the same to the plaintiff. On 2 June, 1932, defendant's car was partially burned and the loss was appraised at $414.00. Proof of loss payable to the plaintiff and the defendant was signed by the defendant and returned to the Stuyvesant Insurance Company of New York.

The defendant did not make the installment payments as provided in the agreement, and thereupon the plaintiff seized the car in a claim and delivery proceeding. The defendant replevined and the cause came on for trial. The plaintiff offered the note and endorsement in evidence without objection. The defendant admitted the execution of the note and mortgage and testified that he borrowed $264.00 from Kines and received as the proceeds of said loan the sum of $198.00. He further offered to testify that it was agreed between him and Kines that $46.00 of the proceeds of said loan was to be used in purchasing fire and theft insurance upon the car in the sum of $800.00. The defendant offered certain letters from Kines and the plaintiff to the defendant relating to insurance. The plaintiff finally notified the defendant that it did not have any insurance upon the car.

The following issues were submitted to the jury:

"1. Did the defendant execute the note and lease, dated 11 March, 1932, as alleged in the complaint?

"2. Is the plaintiff the owner of said note and lease, as alleged in the complaint?

"3. What amount is due and owing on said note and lease?"

The trial judge instructed the jury if they believed the evidence to answer the issues "Yes."

The defendant duly tendered an issue as to the amount due him on counterclaim for the appraised sum of damage to his car. The trial judge declined to submit such issue.

From judgment rendered the defendant appealed.

*Ball & Ball for plaintiff.*
*S. Brown Shepherd for defendant.*

BROGDEN, J. The assignments of error challenge the following rulings of the trial judge, to wit:

(a) Excluding the conversation between defendant and Kines.
(b) Refusal to submit an issue upon the counterclaim.
(c) Refusal to grant a motion of nonsuit.

(d) Refusal to grant a motion for judgment in favor of defendant.

(e) Refusal to give a peremptory instruction to the jury that the defendant was entitled to recover the amount of his loss by fire, less the amount due on the note.

(f) The peremptory instruction to answer the issues in favor of plaintiff.

Kines was not a party to the suit and there was no competent evidence that he was the agent of the plaintiff. Certain letters appear in the record purporting to have been written by the plaintiff. These letters, however, were not identified as required by law. *Bank v. Brickhouse,* 193 N. C., 231, 136 S. E., 636; *Chair Co. v. Crawford,* 193 N. C., 531, 137 S. E., 577.

The contract and note introduced in evidence, without objection, contain a stipulation to the effect that there was no contemporaneous oral agreement between the parties. The written contract contained no reference to insurance, and in the absence of evidence tending to show that Kines was the agent of plaintiff, or that the plaintiff was not the purchaser of the note for value, the trial judge ruled correctly. Undoubtedly a trial judge cannot direct a verdict in favor of the party bearing the burden of proof unless the facts are admitted or established, and only one inference can be drawn therefrom. In such event, the trial judge can draw the inference and so direct the jury. See *Bank v. McCullers,* 200 N. C., 591, 157 S. E., 869; *Reinhardt v. Ins. Co.,* 201 N. C., 785; *Somersette v. Stanaland,* 202 N. C., 685, 163 S. E., 804.

The burden of showing error is upon the appellant. An examination of the record discloses no reversible error, and hence the judgment is
    Affirmed.