In re City of Washington

IN THE MATTER OF THE CITY OF WASHINGTON CLOSING A PORTION OF WEST FOURTH STREET (CASE No. 69-CvS-571) AND IN THE MATTER OF THE CITY OF WASHINGTON CLOSING A PORTION OF WEST FOURTH STREET (CASE No. 69-CvS-718)

No. 722SC475

(Filed 2 August 1972)

1. Appeal and Error § 41— record on appeal — order of proceedings

Appeal is subject to dismissal where the proceedings are not set forth in the record on appeal in the order of time in which they occurred. Court of Appeals Rules 19 and 48.

2. Municipal Corporations § 33— closing of city street — notice of hearing

G.S. 153-9 (17) requires that notice of the hearing on a petition to close a municipal street be given by registered mail to all owners of property on the street sought to be closed who did not join in the request for closing the street, not just to those owners who might suffer some "special consequence" as a result of the closing.

3. Municipal Corporations § 33— closing of city street — notice of hearing

Resolutions of a city council closing portions of a city street were null and void where owners of property adjoining the street who did not join in the request for closing were not notified by registered mail of the hearing to be conducted on the petition to close portions of the street.

HEARD on writ of *certiorari* in lieu of appeal by petitioner, City of WASHINGTON, from *Peel, Judge,* at the August 9, 1971 Session of BEAUFORT Superior Court.

On 14 July 1969, J. A. Hackney and Sons, Inc., petitioned the City Council of the City of Washington, North Carolina, that a portion of West Fourth Street in that city from 150 feet west of its intersection with Hackney Avenue to a point 25 feet east of its intersection with New Bern Street be legally closed and withdrawn from dedication. Notice of a hearing before the City Council was published in the Washington Daily News for four consecutive weeks prior to the hearing. No other notice was given.

On August 11, 1969, a hearing was conducted at the regular meeting of the City Council. As a result of the hearing, the Council enacted a resolution closing that portion of West Fourth Street mentioned in the petition.

The F. Ray Moore Oil Company gave notice of appeal to the Superior Court.

On October 1, 1969 J. A. Hackney and Sons, Inc., filed another petition with the City Council and requested that the Council close the portion of West Fourth Street lying between Hackney Avenue and the segment of West Fourth Street closed by the August resolution of the Council. Notice of a hearing on this petition was published in the Washington Daily News for four consecutive weeks prior to the hearing. No other notice was given. The hearing was conducted at the regular meeting of the City Council on 10 November 1969. The Council enacted a resolution closing the above-described portion of the street. The F. Ray Moore Oil Company gave notice of appeal on this resolution also.

Numerous motions to intervene in both appeals were filed by persons owning property on West Fourth Street and others. It is not necessary for the purpose of this decision to enumerate them.

The Superior Court heard evidence on both appeals. Separate judgments were entered declaring null and void the resolutions of the City of Washington purporting to close portions of West Fourth Street.

*McMullan, Knott & Carter by Lee E. Knott, Jr., for appellant, City of Washington.*

*Wilkinson, Vosburgh & Thompson by John A. Wilkinson; Mayo & Mayo by William P. Mayo for appellee, F. Ray Moore Oil Company, Inc.*

CAMPBELL, Judge.

[1] Rule 19 of the Rules of Practice in the Court of Appeals of North Carolina requires that the proceedings in the trial court be set forth in the order of time in which they occurred. Failure to comply with the rules subjects an appeal to dismissal. Rule 48, Rules of Practice in the Court of Appeals of North Carolina.

The record in this case fails to comply with the above cited requirements and the appeal is subject to dismissal. We have, however, considered this appeal as if it were in conformity with the rules in order that a decision on the merits might be reached.

Appellant assigns as error the trial court's judgment that the resolutions of the City Council closing portions of West Fourth Street were null and void. The trial court predicated its ruling upon a finding that the City Council had not notified property owners on West Fourth Street of the hearing in the manner required by statute. Appellant contends that the trial court erred in making such a finding.

The procedure a municipality must follow in closing a road or a portion of a road is provided by G.S. 153-9(17). *Town of Blowing Rock v. Gregorie,* 243 N.C. 364, 90 S.E. 2d 898 (1956). The statute provides, in part, the following:

" . . . Any individuals owning property adjoining said street or road who do not join in the request for the closing of said street or road shall be notified by registered letter of the time and place of the meeting of the commissioners at which the closing of said street or road is to be acted upon. Notice of said meeting shall likewise be published once a week for four weeks in some newspaper published in the county, or if no newspaper is so published by posting a notice for 30 days at the courthouse door and three other public places in the county. . . . " G.S. 153-9(17).

[2] The statute requires notice by registered mail to the owners of property adjoining the street to be closed who did not join in the request for closing the street. Appellant concedes that no such notice was given here, but contends that notice by registered mail is required only to those who might suffer some "special consequence" by the closing. Appellant cites no authority for this argument and we can find none.

We do not agree with appellant's argument. The words of the statute are clear and unequivocal. There is nothing to indicate that only those with a "special interest" must be notified by registered mail. The Supreme Court has stated:

"[T]hat the true legislative intent is that if a municipality wishes to close a street, or a *part thereof,* the notices required by G.S. 153-9(17) must be given. Such an intent is fair and just, because it affords all *interested parties* an opportunity to be heard. . . . " *Town of Blowing Rock v. Gregorie, supra.* (emphasis added)

Clearly, owners of property on a street which is to be partially closed have an interest in the hearing on the request to close the street.

[3]   The trial court found as a fact that owners of property on West Fourth Street had not been notified by registered mail of the hearing to be conducted on the petition to close parts of that street. There was evidence to support the finding of fact and the finding supports the trial court's conclusions of law. We hold that the trial judge was correct in entering the judgment appealed from.

We have considered appellant's other assignments of error and find them to be without merit.

The ruling of the trial court is

Affirmed

Chief Judge MALLARD and Judge BRITT concur.