IN THE MATTER OF AN EASEMENT OF RIGHT OF WAY IN FAIRFIELD PARK SUBDIVISION AS DEPICTED ON PLAT OF SURVEY OF RECORD IN THE CASWELL COUNTY, NORTH CAROLINA REGISTRY IN PLAT BOOK 6, PAGE 46

No. 8717DC218

(Filed 31 May 1988)

Municipal Corporations § 33— private street—no authority of county to close easement of right of way

A county board of commissioners is without the authority under N.C.G.S. § 153A-241 to close an easement of right of way in a street in which the public has not acquired rights by dedication or prescription.

APPEAL by appellants, George M. Harris, Individually, and on behalf of other owners and lawful occupants of Fairfield Park Subdivision, from *McHugh (Peter M.), Judge.* Judgment entered 4 June 1986 in District Court, CASWELL County. Heard in the Court of Appeals 25 September 1987.

*W. Osmond Smith, III, for appellants.*

*Farmer & Watlington, by R. Lee Farmer, for appellees.*

GREENE, Judge.

This is an appeal from a judgment of the district court affirming the Caswell County Board of Commissioners' decision to close an easement of right of way held by certain property owners within a subdivision.

This appeal arises out of two separate actions. In the first action, the appellants, various homeowners in the Fairfield Park Subdivision in Caswell County, sought to enjoin the appellees, William and Brenda Hodges, from blocking a private street leading from Carrol Drive in the subdivision to what formerly was U.S. Highway 158. The appellants sought to have their interest in the street declared a permanent easement of right of way for the benefit and use of the property owners in the Fairfield Park Subdivision. At the hearing for the preliminary injunction, the trial court ruled the Hodges were not entitled to block the street and ordered them to remove a barricade they had placed across the street.

The street is approximately thirty feet wide and 200 feet long and is bounded on the south by the Hodges' property and on the north by property owned by Sarah Farmer, Margaret Hatchett, and Nettie Blackwell. None of the adjacent owners to the street own the strip of land over which the street runs. The street appears on a recorded plat of Fairfield Park in the Caswell County Registry as an "existing 30' street."

In a second action following the issuance of the preliminary injunction, the Hodges requested that the Caswell County Board of Commissioners close the appellants' easement of right of way pursuant to N.C.G.S. Sec. 153A-241 (1983). The Board gave the required notice and held a hearing on 3 December 1984. After hearing evidence, the Board closed what it termed the "street-easement" and ordered all right, title, and interest in the "street-easement" vested in the Hodges and the other adjacent property owners.

The appellants then appealed to the district court for a trial *de novo* on the Board's decision. That appeal was consolidated with appellants' action seeking to permanently enjoin the Hodges from blocking the easement. Appellants filed a motion to dismiss the Board's action and dismiss the appeal based on the Commissioners' alleged lack of subject matter jurisdiction over the easement in question.

The court, sitting as fact finder, determined the following issues: (1) whether appellants held an easement of right of way in the street and, if so, whether it was a public or private easement, and (2) whether the Board of County Commissioners had the

authority pursuant to N.C.G.S. Sec. 153A-241 to close the ease-
ment.

The court determined these issues . in two separate
judgments. In the first judgment, the court found that an ease-
ment by estoppel existed in favor of the Hodges and other owners
of real property in Fairfield Park. In reaching this conclusion, the
court found that L. F. Hodges had reserved an easement of right
of way across a portion of his real property from conveyances
made in 1947 and thereafter. This right of way had been used
since 1947 as a "means of access to other property of L. F.
Hodges and his successors in title," including various property
owners in the subdivision. He further found that these owners
had acquired their property by deeds referring to the recorded
plat and had relied upon the plat's indication of an easement of
right of way for the benefit of their property as access to former
U.S. Highway 158. The judge also found the right of way had not
been dedicated to nor accepted by the public in any matter recog-
nized by law and that no public authority had ever "accepted,
opened, supervised, or in any way maintained the subject ease-
ment of right of way or exercised supervision or dominion over
[it]." Finally, the court found the owners adjacent to the street
had blocked it by constructing a fence across it even though they
had no right to do so. The court determined the owners in Fair-
field Park possessed a permanent easement of right of way in the
street by estoppel for the purposes of ingress and egress and that
this easement was subject to protection just as any other private
property right.

The court then decided in a second proceeding heard *de novo*
whether the Board of Commissioners could properly close the
easement of right of way. In that judgment the court made the
following pertinent findings of fact:

IV. That the aforesaid described easement is not under
the control or supervision of the North Carolina Department
of Transportation or a municipality.

V. That the aforesaid described easement is not main-
tained by any public or private entity nor are traffic control
devices located or maintained thereon.

VI. That the aforesaid described easement is outside of
the confines of the Fairfield Park Subdivision which is

located in Yanceyville Township, Caswell County, North Carolina.

VII. That the closing of the aforesaid easement is not contrary or detrimental to the public interest or to any individual property rights.

VIII. That the closing of the aforesaid easement does not deprive or bar an individual owning property in the vicinity of the easement or in Fairfield Park Subdivision of a reasonable means of ingress and egress to their property.

. . . .

X. That the closing of the aforesaid easement is in the best interest of the safety of the public and motoring traffic.

The court then ordered the easement of right of way permanently closed and vested all right, title and interest in the easement in the Hodges and the other adjoining landowners.

Appellants appeal from this judgment contending the district court should have granted their motion to dismiss for lack of subject matter jurisdiction. After one extension, the time expired for the filing of the record on appeal under N.C.R. App. P. 12 (1988). The appellants then filed a petition for writ of certiorari. This court granted that petition on 10 January 1987.

The sole issue presented is whether N.C.G.S. Sec. 153A-241 authorizes a county board of commissioners to close an easement of right of way in which the public has acquired no rights.

Section 153A-241 provides:

*Closing Public Roads or Easements*

A county may permanently close any public road or any easement within the county and not within a city, except public roads or easements for public roads under the control and supervision of the Department of Transportation. The board of commissioners shall first adopt a resolution declaring its intent to close the public road or easement and calling a public hearing on the question. The board shall cause the resolution to be published once a week for four successive

weeks before the hearing, a copy of the resolution to be sent by registered or certified mail to each owner as shown on the county tax records of property adjoining the public road or easement who did not join in the request to have the road or easement closed, and a notice of the closing and public hearing to be prominently posted in at least two places along the road or easement. At the hearing the board shall hear all interested persons who appear with respect to whether the closing would be detrimental to the public interest or to any individual property rights. If, after the hearing, the board of commissioners is satisfied that closing the public road or easement is not contrary to the public interest and (in the case of a road) that no individual owning property in the vicinity of the road or in the subdivision in which it is located would thereby be deprived of reasonable means of ingress and egress to his property, the board may adopt an order closing the road or easement. A certified copy of the order (or judgment of the court) shall be filed in the office of the register of deeds of the county.

Any person aggrieved by the closing of a public road or an easement may appeal the board of commissioners' order to the appropriate division of the General Court of Justice within 30 days after the day the order is adopted. The court shall hear the matter de novo and has jurisdiction to try the issues arising and to order the road or easement closed upon proper findings of fact by the trier of fact.

. . . .

Upon the closing of a public road or an easement pursuant to this section, all right, title, and interest in the right-of-way is vested in those persons owning lots or parcels of land adjacent to the road or easement, and the title of each adjoining landowner, for the width of his abutting land, extends to the center line of the public road or easement.

Appellants essentially argue this statute only allows for the closing of easements that have been offered for public dedication and accepted by a public authority. *See Town of Blowing Rock v. Gregorie*, 243 N.C. 364, 90 S.E. 2d 898 (1956) (no dedication to public until governing authorities accept on behalf of municipality or acceptance occurs by some other means recognized by law).

Appellees argue the language of N.C.G.S. Sec. 153A-241 is clear in that it grants counties the power to close any easement regardless of whether the public has ever acquired rights in the easement.

Article VII, Section 1 of the North Carolina Constitution gives the General Assembly the authority to provide for the organization and government of counties, including the granting of such powers and duties to the counties as it deems advisable. As an agent of the State, a county has no inherent power, but may exercise only those powers prescribed by statute and those necessarily implied by law. *Stam v. State*, 47 N.C. App. 209, 219, 267 S.E. 2d 335, 343 (1980), *aff'd in part, rev'd in part*, 302 N.C. 357, 275 S.E. 2d 439 (1981).

Chapter 153A was enacted in 1973 in order to consolidate, revise, and amend the general statutes relating to counties. 1973 N.C. Sess. Laws ch. 822. In defining a "public road" or "road" as it is used in N.C.G.S. Sec. 153A-241, N.C.G.S. Sec. 153A-239 provides:

> In this Article "public road" or "road" means *any road, street, highway, thoroughfare, or other way of passage* that has been irrevocably dedicated to the public or in which the public has acquired rights by prescription, without regard to whether it is open for travel. [Emphasis supplied.]

From this provision and N.C.G.S. Sec. 153A-241, it is clear a county does not have the power to close a way of passage which has not been dedicated to the public or in which the public has not acquired rights by prescription. *Cf.* N.C.G.S. Sec. 136-67 (1986) (providing the definition of neighborhood public roads subject to alteration, extension or discontinuance under N.C.G.S. Secs. 136-68 through 136-70 "shall not be construed to embrace any street, road or driveway that serves an essentially private use . . ."). Appellees do not assign error to the court's finding of an easement of right of way held by the subdivision owners. This easement of right of way granted a right of passage to the homeowners in Fairfield Park over the street shown in the recorded plat. The court found that an easement in the street had never been granted to the public by dedication nor had the public acquired any other lawful right to use the street. Accordingly, the county had no authority to close the street as a "public road." We

therefore inquire as to whether it could close an "easement" in the street pursuant to Chapter 153A in which the public held no rights. We hold it could not.

In construing statutes, a court should give effect to the intent of the legislature. "In seeking to discover and give effect to the legislative intent, an act must be considered as a whole, and none of its provisions shall be deemed useless or redundant if they can reasonably be considered as adding something to the act which is in harmony with its purpose." *State v. Harvey*, 281 N.C. 1, 19-20, 187 S.E. 2d 706, 718 (1972).

We do not believe the General Assembly intended to allow a county to close a private street under the pretext of closing a private easement of right of way in that street. Here, the Board of Commissioners in effect closed the street by closing the easement. To adopt appellees' interpretation which would allow counties to close an easement in a private street, would circumvent the General Assembly's clear intent that the public have some right in a street before permitting a county to close it.

It is also well-settled that statutes in *pari materia* are to be construed together and that courts should harmonize such statutes if possible and give effect to the various provisions. *Blowing Rock*, 243 N.C. at 371, 90 S.E. 2d at 904. "[T]hat is, all applicable laws on the same subject matter should be construed together so as to produce a harmonious body of legislation, if possible." *Id.* Our Supreme Court, in using this rule of construction, applied the notice requirements of a county's former procedure to close a road under N.C.G.S. Sec. 153-9(17) (1953) to a municipality's former procedure to close streets and alleys under N.C.G.S. Sec. 160-200(11) (1953). *See Blowing Rock.*

Section 160A-299(a) now gives cities and towns the authority to close "any street or public alley." Section 160A-299(d) states that the section shall apply to "any street or public alley within a city or its extraterritorial jurisdiction that has been irrevocably dedicated to the public, without regard to whether it has actually been opened." This language clearly indicates that the public must have acquired some right in the street or alley before the municipality may act to close it.

Therefore, we hold a county board of commissioners is without the authority under Section 153A-241 to close an easement of right of way in a street in which the public has not acquired rights by dedication or prescription. In doing so, we do not determine whether the Legislature intended that the public acquire rights in any type of easement before the county commissioners can act to close it under N.C.G.S. Sec. 153A-241: *But see* N.C.G.S. Sec. 153-9(17) (Interim Supp. 1973) (granting county commissioners the power to close and remove from dedication all easements except those lying within a municipality that were dedicated whether by recording of a subdivision plat or otherwise). The district court's judgment is reversed and this matter is remanded with directions that the district court enter an order vacating the order of the Caswell County Board of Commissioners.

Reversed and remanded.

Judge COZORT concurs.

Judge PHILLIPS concurs in result.