Judges HUDSON and STEPHENS concur.

The judges participated and submitted this opinion for filing prior to 1 January 2007.

_____

NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, PLAINTIFF v. COUNTY OF DURHAM, DEFENDANT

No. COA06-283

(Filed 2 January 2007)

**1. Appeal and Error— appealability—sovereign immunity— failure to prosecute—motion for costs**

Although the denial of defendant county's motions to dismiss based on sovereign immunity affects a substantial right and is immediately appealable, those assignments of error based on the court's denial of the county's motion to dismiss for failure to prosecute and motion for costs are dismissed because the county failed to cite any authority for appeals from these interlocutory orders as required by N.C. R. App. P. 28(b)(4).

**2. Immunity— sovereign—condemnation action between county and State**

The trial court did not err in a condemnation action arising as part of a road-widening project for a state road in southwestern Durham County by denying defendant county's motion to dismiss based on sovereign immunity because the county's sovereign immunity cannot be superior to that of the State when the coun-

ties derive their sovereign immunity and all other powers and authority from the State.

Appeal by defendant from order entered 19 October 2005 by Judge Steven A. Balog in the Superior Court in Durham County. Heard in the Court of Appeals 31 October 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Spurgeon Fields, III, and Assistant Attorney General James M. Stanley, Jr., for plaintiff-appellee.*

*Assistant County Attorney Curtis Massey, for defendant-appellant.*

HUDSON, Judge.

On 13 December 2004, the North Carolina Department of Transportation ("the DOT") commenced this action to condemn real property owned by the County of Durham ("the county"). On 7 January 2005, the county moved to dismiss for lack of personal and subject matter jurisdiction based on sovereign immunity, failure to allege a waiver of sovereign immunity, and lack of authority to take the property. On 3 August 2005, the county moved to dismiss for the DOT's failure to prosecute its case. On 30 August 2005, the county moved for an award of costs pursuant to N.C. Gen. Stat. § 136-119. On 12 September 2005, the court heard and denied all of the county's motions, and granted the DOT's oral motion to enter findings of fact and conclusions of law. The court entered said order on 19 October 2005. The county appeals. As discussed below, we affirm.

This condemnation action arises as part of a road-widening project for state road 15-501 in southwestern Durham County. At the hearing, the county presented affidavits indicating the property at issue was acquired as part of the New Hope Corridor Open Space Master Plan with partial funding from the Clean Water Management Trust Fund. The county conceded that the taking here was less than one acre of land and included temporary construction and drainage easements and a permanent drainage easement.

[1] This appeal is interlocutory.

An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy. Generally, the denial of a motion to dismiss is

an interlocutory order from which there may be no immediate appeal. Nevertheless, [a]n interlocutory appeal is ordinarily permissible . . . if (1) the trial court certified the order under Rule 54(b) of the Rules of Civil Procedure, or (2) the order affects a substantial right that would be lost without immediate review.

*McClennahan v. N.C. Sch. of the Arts*, 177 N.C. App. 806, 808, 630 S.E.2d 197, 199 (2006) (internal quotation marks and citations omitted). Appeals raising issues of sovereign immunity affect a substantial right and are immediately appealable. *Id.* The county properly cites authority for its appeal of the trial court's denial of its motions to dismiss based on sovereign immunity. However, the county also appeals from the trial court's denial of its motions to dismiss for the DOT's failure to prosecute its case and for costs. The county fails to cite any authority for these interlocutory appeals as required by Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379-80, 444 S.E.2d 252, 253-54 (1994). We dismiss those assignments of error based on the court's denial of the county's motion to dismiss for failure to prosecute and motion for costs.

**[2]** The county argues that the trial court erred in failing to dismiss based on its sovereign immunity. We do not agree.

The county contends that sovereign immunity bars a suit by the State to condemn real property for a highway-widening project and that it "enjoys the same sovereign immunity as the State . . . ." The county cites *Dawes v. Nash County*, 357 N.C. 442, 584 S.E.2d 760, *reh'ing denied*, 357 N.C. 511, 587 S.E.2d 417 (2003), *Bell v. Commissioners of Johnston County*, 127 N.C. 57, 37 S.E. 136 (1900), and *Archer v. Rockingham County*, 144 N.C. App. 550, 548 S.E.2d 788 (2001), *disc. review denied*, 355 N.C. 210, 559 S.E.2d 796 (2002), for the proposition that sovereign immunity applies to counties as the units that collectively make up the State. However, none of these cases involves a suit between a county and the State itself, and our research reveals no case in which a county has been able to assert sovereign immunity against the State, which is the sovereign itself. This Court has recognized that

Article VII, Section 1 of the North Carolina Constitution gives the General Assembly the authority to provide for the organization and government of counties, including the granting of such powers and duties to the counties as it deems advisable. As an agent of the State, a county has no inherent power, but may exercise

only those powers prescribed by statute and those necessarily implied by law.

*In re Easement in Fairfield Park*, 90 N.C. App. 303, 308, 368 S.E.2d 639, 641-42 (1988). Because the counties derive their sovereign immunity and all other powers and authority from the State, we conclude that the counties' sovereign immunity cannot be superior to that of the State. This assignment of error lacks merit.

Affirmed in part and dismissed in part.

Judges WYNN and STEPHENS concur.

The judges participated and submitted this opinion for filing prior to 1 January 2007.